**CECO STEEL PRODUCTS CORPORATION, a Delaware corporation, Plaintiff,**

v.

**H. K. PORTER COMPANY, Inc., a Pennsylvania corporation, and The Watson-Stillman Company, a New Jersey corporation, Defendants.**

No. 58 C 1331.

United States District Court
N. D. Illinois, E. D.
Aug. 27, 1962.

Thompson, Raymond, Mayer, Jenner & Bloomstein, Chicago, Ill., for plaintiff.

Martin, Craig, Chester & Sonnenschein, Chicago, Ill., for defendants.

WILL, District Judge.

This matter is before the Court on the motion of defendants to compel the answers to certain questions asked of Raymond J. Anen, vice-president of plaintiff corporation, on oral deposition. The questions relate generally to possible conversations had in the presence of Mr. Anen with respect to defendants' knowledge, intent and efforts, alleged in Count IV of the complaint, to conceal, by painting or sealing, the existence of any cracks or welds in the main cylinder of an aluminum extrusion press which is the subject matter of the lawsuit.

The locus of the conversations, if they in fact took place, was a meeting at plaintiff's plant in Cicero, Illinois in February, 1962. Those present besides Mr. Anen were plaintiff's trial counsel and assistant general counsel as well as three employees of plaintiff's insurer, Mutual Boiler & Machinery Insurance Company.

At the time of the deposition, Mr. Anen was instructed not to answer the questions on the ground that they sought information constituting the work product of counsel. Plaintiff presses this argument in its brief and, in addition, invokes the protection of the attorney-client privilege. Defendants' principal contentions are that (1) the work product protection is not available here since the questions objected to were asked of Mr. Anen, an officer of the client, not of plaintiff's counsel; and (2) the attorney-client privilege does not apply because of the presence of third persons who were not the clients of plaintiff's counsel.

■ It is important at the outset to understand the relationship between the work product protection and the attorney-client privilege. The underlying concepts of both were broadly set out in Scourtes v. Fred W. Albrecht Grocery Co., D.C.N.D.Ohio 1953, 15 F.R.D. 55, 58, in the following language:

"* * * The purpose of the attorney-client privilege is to encourage full disclosure of information between an attorney and his client by guarantying the inviolability of their confidential communications. The 'work product of the attorney', on the other hand, is accorded protection for the purpose of preserving our adversary system of litigation by assuring an attorney that his private files shall, except in unusual circumstances, remain free from the encroachments of opposing counsel."

While the work product rule remains closely identified with the attorney-client privilege, as the facts herein attest, work product representing efforts expended by the attorney during the course of the attorney-client relationship, Lundberg v. Welles, D.C.S.D.N.Y.1951, 11 F.R.D. 136, it is also clear, particularly in light of the foregoing quotation from the Scourtes case, that any waiver of the attorney-client privilege does not necessarily affect the work product protection since the two are designed to accomplish different results. Vilastor-Kent Theatre Corp. v. Brandt, D.C.S.D.N.Y. 1956, 19 F.R.D. 522.

Turning, then, to the work product argument, defendants maintain that this protection only covers " 'written statements and mental impressions' contained in the mind of Ceco's attorney" and does not extend to the statements or impressions of clients or witnesses, citing Hick-

man v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. By asking Mr. Anen to report on conversations at the February meeting, however, defendants are in effect seeking the possible statements of plaintiff's counsel which Mr. Anen may have heard. Even Mr. Anen's own statements may reflect what plaintiff's counsel then thought were the strong and weak points in Ceco's case.

In addition, during the course of the deposition, defendants' counsel, in response to plaintiff's reliance on the work product protection, argued that his questions to Mr. Anen were not related to a set of interrogatories which the meeting had, in part, been convened to answer, which activity would admittedly constitute work product. A perusal of these interrogatories, however, discloses that at least one of them, number 15 ("State whether THE WATSON-STILLMAN COMPANY is charged with knowledge as of the date of delivery of the press of any defects appearing in the main cylinder at or about the time oil was first emitted from the main cylinder"), clearly relates to the questions objected to on deposition; furthermore, the effort to answer this interrogatory may well have evoked a discussion of all the matters into which the questions inquire. To this extent, then, the questions may invade the province of work product.

▇ Where there is, as here, uncertainty as to what in fact transpired at a given meeting and no ineluctable showing of necessity, the policy underlying the work product protection which guards against the mischief (e. g., lawyers called to testify for the purpose of impeaching the statements of their witnesses made in preparation of trial) and

unfairness (e. g., the opinion of an attorney on the merits of his client's case or defense) in forcing disclosure of the contents of such a meeting will prevail. As the Supreme Court of the United States observed in Hickman v. Taylor, supra, the information which defendants here seek should be "readily available * * * direct from the witnesses for the asking" and not through disclosure of conversations with counsel held for purposes of discovery and trial preparation.

▇▇ In an attempt to justify disclosure, however, defendants complain in their brief that they have thus far been frustrated in trying "to discover the evidence, if any, on which Ceco's charges are based." The Court's reaction to this is that (1) frustrated discovery cannot be used as a basis for delving into areas which, on balance, ought to be protected, for this would make an absolute out of discovery; and (2) if by all legitimate means of discovery the information sought is not forthcoming, it may well indicate either that it is being withheld or that the opposing party's claim is groundless. The Federal Rules of Civil Procedure provide appropriate means for dealing with either of the latter contingencies. For example, it is clear that the testimony of witnesses whose identity is deliberately withheld in discovery may not subsequently be introduced at trial.

Since the foregoing is dispositive of defendants' motion, it is unnecessary to consider the applicability of the attorney-client privilege. Accordingly, the motion to compel the answers to certain questions asked of Raymond J. Anen on oral deposition will be denied. An order consistent with the above will be entered.