Richard FORD

v.

**PHILIPS ELECTRONICS INSTRUMENTS CO.**

Civ. A. No. 78–813.

United States District Court, E. D. Pennsylvania.

March 1, 1979.

Stephen M. Feldman, Philadelphia, Pa., for plaintiff.

E. Paul Maschmeyer, Philadelphia, Pa., for defendant.

## MEMORANDUM

HUYETT, District Judge.

Defendant's counsel subpoenaed Frederic J. Prior, who is not a party to this action, to appear for oral deposition. Because of objections raised by plaintiff's counsel during the course of the deposition, the deposition was suspended, and plaintiff has moved for an order limiting the scope of examination. Plaintiff, relying on Federal Rule of Civil Procedure 26(b)(3) and *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), contends that defendant's questioning impermissibly impinged upon protected work product of plaintiff's attorney.

The dispute arose when defendant's counsel questioned Mr. Prior concerning a discussion between the witness and Mr. Feldman, plaintiff's counsel, that had occurred the morning of the deposition. Plaintiff interpreted this exchange as an attempt to reveal his counsel's mental impressions and legal theories concerning the present case. Defendant, on the other hand, argues that this line of questioning was reasonably calculated to lead to the discovery of admissible evidence.

The transcript of the deposition is only minimally illuminating as to the real purpose of defendant's line of questioning:

Q. What else did you and Mr. Feldman talk about today or Mr. Makos, for that matter?

A. Various things that had no connection to the case involved, trains, the weather.

Q. Well, tell me everything else you can remember that you discussed pertaining to the machine as it related to Mr. Ford [the plaintiff]?

Deposition at 10. At that point, plaintiff raised his objection.

Although not dispositive of the instant motion, two initial observations can be made. First, defendant is clearly entitled to examine Mr. Prior thoroughly concerning the instrument involved in this case, the manner in which plaintiff sustained his injuries, and his knowledge as to the extent of plaintiff's injuries. Plaintiff does not contest this point. *See* Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Limit the Scope of Examination. Second, this dispute is not directly governed by Federal Rule of Civil Procedure 26(b)(3). That Rule, by its own terms, pertains to documents and tangible things. *See* 8 Wright & Miller, Federal Practice & Procedure, § 2023, at 194 (1970).

Too much can be made, however, of the observation that Rule 26(b)(3) is not controlling because the dispute does not involve a document or tangible thing. It does not follow from this that the desired discovery is necessarily permissible. As noted in Wright & Miller:

> The courts have consistently held that the work product concept furnishes no shield against discovery, by interrogatories or by deposition, of the *facts* that the adverse party's lawyer has learned, or the *persons from whom he has learned such facts,* or the *existence or nonexistence of documents,* even though the documents themselves may not be subject to discovery.

8 Wright & Miller, Federal Practice & Procedure, § 2023, at 194 (1970) (emphasis supplied). The distinction implicit in Rule 26(b)(3) between documents and tangible things, which are discoverable upon the proper showing, and facts for which no special showing is required, in no way intimates that Rule 26(b)(3) opens to discovery an attorney's mental impressions. On the contrary, the Rule provides that when discovery is ordered upon the proper showing, "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed.R.Civ.P. 26(b)(3). The Rule in no way implies that mental impressions not embodied in documents are otherwise discoverable. Such a reading of the Rule would be contrary to the comments of the Advisory Committee on the 1970 amendments to the Federal Rules of Civil Procedure: "The courts have steadfastly safeguarded against disclosure of lawyers' mental impressions and legal theories, as well as mental impressions and subjective evaluations of investigators and claim-agents." Advisory Committee Notes, 48 F.R.D. 487, 502. Moreover, such a reading would fly in the face of "the general policy against invading the privacy of an attorney's course of preparation" of a case. *Hickman v. Taylor, supra,* at 512, 67 S.Ct. at 394.

In *Ceco Steel Products Corp. v. H. K. Porter Co.,* 31 F.R.D. 142 (N.D.Ill.1962), the court refused to compel a vice-president of plaintiff corporation to answer questions asked at oral deposition concerning conversations he overheard between plaintiff's counsel and employees of plaintiff's insurer. In denying the motion to compel, the court relied in part on the danger that the desired discovery would "reflect what plaintiff's counsel then thought were the strong and weak points in Ceco's case." *Id.* at 144. We believe that to some extent the same danger exists in this case. Insofar as defendant's question attempted to elicit from the witness the specific questions that plaintiff's counsel posed to him, or even the area of the case to which he directed the majority of his questions, it exceeds the permissible bounds of discovery and begins to infringe on plaintiff's counsel's evaluation of the case. However, insofar as it was directed to the substance of the witness' knowledge of relevant facts, it is clearly an acceptable line of inquiry. As discussed

above, however, it is difficult to discern from the transcript of the deposition the exact goals defendant's counsel was pursuing. We shall therefore resolve this motion by establishing guidelines for questioning of the witness upon resumption of the deposition. Defendant's counsel shall be given free reign to inquire into the substance of the witness' knowledge concerning matters relevant to the subject matter of this action. Fed.R.Civ.P. 26(b)(1). Such inquiry may not, however, include questions that tend to elicit the specific questions posed to the witness by plaintiff's counsel, the general line of inquiry pursued by plaintiff's counsel, the facts to which plaintiff's counsel appeared to attach significance, or any other matter that reveals plaintiff's counsel's mental impressions concerning this case.

Defendant's memorandum suggests that a limitation of the scope of discovery along the lines we adopt today will have the effect of treating the trial of this case not as a search for truth, but as a sporting event. We do not agree. The scope of discovery permitted in the deposition of Mr. Prior which we approve today enables defendant to delve thoroughly into all relevant matter and information reasonably calculated to lead to the discovery of admissible evidence. To the extent that defendant's fear is that it will be surprised at trial by the basis of the claim against it or the legal issues that it will be forced to confront, that fear is unfounded. As noted in the Advisory Committee Notes, *supra* : "Rules 33 and 36 have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions." 48 F.R.D. at 502. *See also* 8 Wright & Miller, Federal Practice & Procedure, § 2167 (1970). To the extent that defendant's open-ended question concerning the witness' conversation with plaintiff's counsel was aimed at uncovering the basis of plaintiff's claim, these rules may provide a more appropriate vehi-

cle. Moreover, the procedural order governing this case requires the submission of a proposed final pretrial order pursuant to Local Rule of Civil Procedure 7(f). Participation in the preparation of that document is a final guarantee that all parties are fully aware of the legal issues that will arise at trial.

Because this question also arises concerning the deposition of Andrew Makos, the guidelines established in this memorandum shall also apply to the examination of that witness.