Jerome I. FELDMAN and Martin M. Pollack, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

PIONEER PETROLEUM, INC., Frontier Corporation, Estate of William D. Bradford, John H. Burgher, Fidelity Bank, N.A., Estate of Grady D. Harris, Jr., Arthur Young & Company, and James L. Houghton, Defendants.

No. CIV–77–0012–D.

United States District Court,
W. D. Oklahoma.

June 9, 1980.

R. C. Jopling, Jr., Oklahoma City, Okl., Edward Labaton, New York City, for plaintiffs.

J. William Conger, Oklahoma City, Okl., for Pioneer and Bradford.

Silberfeld, Danziger & Bangser, New York City, for Pioneer, Frontier, Bradford and Burgher.

B. Hayden Crawford and Robert L. Bainbridge, Tulsa, Okl., for Frontier and Burgher.

Martin, Obermaier & Morvill, New York City, for Fidelity.

James P. Linn, James A. Kirk, J. D. Helms and William P. Warden, Oklahoma City, Okl., for Fidelity and Harris.

Burck Bailey, Oklahoma City, Okl., for Harris.

William G. Paul, Harry A. Woods, Jr., Earl A. Skarky and Brooke Smith Murphy and Michael M. Stewart, Oklahoma City, Okl., John E. Matson, New York City, for Arthur Young & Co. and Houghton.

White & Case, New York City, for Arthur Young & Co.

## ORDER

DAUGHERTY, Chief Judge.

Presently before the Court in this case is Plaintiffs' "Motion to Compel Discovery from Non-Party Witness" and a supporting Brief filed pursuant to Rule 37, Federal Rules of Civil Procedure, wherein Plaintiffs seek an Order from the Court requiring John W. Gardner (Gardner), a non-party to this action, to answer certain questions posed to him during his deposition taken on behalf of Plaintiffs on April 26, 1979. Plaintiffs also seek their attorney's fees and costs incurred in connection with the instant Motion. Defendant Pioneer Petroleum, Inc. (Pioneer) has filed a Brief in opposition to the instant Motion and Plaintiffs have replied thereto.

In support of their Motion, Plaintiffs contend that the questions under consideration related to Gardner's discovery of the acquisition by Pioneer of carved-out production payments from Defendant Fidelity Bank, N.A., (Fidelity) and to discussions with Fidelity regarding the records relating thereto. Plaintiffs maintain that counsel for Pioneer objected to these questions on the ground of attorney-client privilege and instructed Gardner not to answer the same.

In its Brief in opposition to Plaintiffs' Motion, Pioneer contends that the documents and personal recollections of Gardner sought to be compelled should not be produced as the same were obtained by Gardner during his work, at the direction of counsel and in anticipation of previous litigation and therefore the items are afforded a qualified immunity from discovery under the work product doctrine. Pioneer further contends that Plaintiffs have failed to comply with Local Court Rule 13(d) in connection with the instant Motion.

Plaintiffs reply that Gardner should be compelled to answer the questions objected

to as the work product rule is inapplicable under the circumstances of this case; as Pioneer's work product immunity claim violates public policy; and as Plaintiffs have made the requisite showing to overcome Pioneer's work product objection. Plaintiffs also state in their Reply Brief that they have complied with Local Court Rule 13(d).

At his deposition taken in this case on April 26, 1979, Gardner testified that he was a certified public accountant retained by Pioneer as a private consultant to assist Pioneer with accounting and tax matters. Examination of Gardner's deposition reveals that Gardner refused to answer several questions concerning his knowledge about the acquisition by Pioneer of certain carved-out production payments from Fidelity and certain discussions with Fidelity regarding loan records related thereto. Gardner's refusal to answer the questions appears to have been based solely on the work product doctrine set forth in Rule 26(b)(3), Federal Rules of Civil Procedure, and not on a claim of attorney-client privilege or accountant-client privilege as Plaintiffs maintain in connection with the instant Motion. Moreover, in its Brief in opposition to Plaintiffs' Motion, Pioneer addresses the work product question only. Therefore, the Court will consider the instant Motion as seeking to compel answers to questions objected to on the ground of work product immunity alone.

■ The work product doctrine has its origin in the United States Supreme Court's decision in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and was eventually incorporated in Rule 26(b)(3) of the Federal Rules of Civil Procedure adopted by the Supreme Court in 1970. *See* 8 Wright and Miller, *Federal Practice and Procedure* : Civil §§ 2021–2023 (1970); Annot., *Attorney's Work Product Privilege, Under Rule 26(b)(3) of the Federal Rules of Civil Procedure, as Applicable to Documents Prepared in Anticipation of Terminated Litigation*, 41 A.L.R.Fed. 123, § 2[a] (1979); Annot., *Development, Since Hickman v. Taylor, of Attorney's "Work Product" Doctrine*, 35 A.L.R.3d 412, §§ 2[a]–2[b] (1971). Rule 26(b)(3), *supra*, provides as follows:

(3) *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Thus, in order for material to come within the qualified immunity from discovery created by Rule 26(b)(3), the material must be: (1) "documents and tangible things;" (2) "prepared in anticipation of litigation or for trial;" and (3) "by or for another party or by or for that other party's representative." 8 Wright and Miller, *supra*, § 2024, at 196–197. Such material need not be prepared by an attorney as Rule 26(b)(3) expressly extends protection to materials prepared by or for a representative of a party, including his agent. *Id.* at 206; *see* Advisory Committee Note to Rule 26(b)(3), 48 F.R.D. 497, 502 (1970).

■ In the instant case, Defendant Pioneer, as the party objecting to discovery, has the burden of establishing that the information sought by Plaintiffs is protected by Rule 26(b)(3). *See Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 139 (W.D. Okl.1977); *Biliske v. American Live Stock Insurance Co.*, 73 F.R.D. 124 (W.D.Okl. 1977); 8 Wright and Miller, *supra*, § 2023, at 196. If the Court so finds that the

material is protected, the burden is on Plaintiffs to make a sufficient showing of "substantial need" and "undue hardship" required under Rule 26(b)(3) to overcome the protection provided by said Rule. *See* 8 Wright and Miller, *supra.*

As noted above, the work product doctrine is specifically limited by Rule 26(b)(3) to "documents and tangible things." Thus, the instant dispute does not appear to be governed by said Rule as a document or tangible thing does not appear to be involved. In this connection, Wright and Miller have noted:

> The courts have consistently held that the work product concept furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.

8 Wright and Miller, *supra,* § 2023, at 194; *see Ford v. Philips Electronics Instruments Co.,* 82 F.R.D. 359, 360 (E.D.Pa.1979); *United States v. Glaxo Group Limited,* 302 F.Supp. 1, 17 (D.D.C.1969), *rev'd on other grounds,* 410 U.S. 52, 93 S.Ct. 861, 35 L.Ed.2d 104 (1973).

In the instant case, examination of Gardner's deposition reveals that the first question asked Gardner to which counsel for Pioneer objected on the basis of work product immunity appears at page 11 and was whether, during the course of his consulting services, Gardner discovered that Pioneer had acquired carved-out production payments from Fidelity. Later at pages 26–27, Pioneer's counsel objected to questions concerning the circumstances of Gardner's meeting with officials from Fidelity, including the question of who was present at the meeting. Finally, at page 28, counsel for Pioneer objected to a question asking Gardner whether Plaintiffs' Exhibit 22, which apparently was copies of ledger entries, was a document referred to in a letter from Don Copeland, a vice-president of Fidelity, to John Burgher, the president of Pioneer, wherein Copeland states that Fidelity has provided Gardner with "copies of certain General Ledger entries."

The Court is of the opinion that the questions of whether Gardner discovered that Pioneer had acquired carved-out production payments from Fidelity and concerning the circumstances of and who was present at a meeting between Gardner and Fidelity officials clearly seeks discovery of facts, not "documents and tangible things", learned by Gardner. Nor is the identity of Plaintiffs' Exhibit 22 protected by the work product rule. *See United States v. Glaxo Group Limited, supra.* Therefore, the Court finds and concludes that the information sought in the foregoing questions is not protected from discovery as work product under Rule 26(b)(3). Accordingly, Plaintiffs' Motion to Compel should be granted and Gardner is hereby directed to answer the questions to which he objected on the basis of work product immunity. The Court further finds in its discretion that Plaintiffs should not recover their attorney's fees and costs incurred in connection with the instant Motion and their request for the same is denied.