**STATE OF ILLINOIS, et al., Plaintiffs,**

v.

**BORG, INC., et al., Defendants.**

**Nos. 79 C 5253, 79 C 3046, 79 C 3077.**

United States District Court,
N. D. Illinois, E. D.

Dec. 17, 1981.

Thomas M. Genovese, Thomas J. DeMay, Bruce J. Baker, Asst. Attys. Gen., State of Ill., Chicago, Ill., for plaintiffs State of Ill. and Chicago Bd. of Educ.

John E. Burke, Fred W. Mattlin, Claudia J. Lovelette, Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., for defendants F. E. Moran, Inc. and Owen A. Moran.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

These three class actions [1] charge 22 piping construction companies and 36 individuals with bid-rigging, price-fixing and job allocation in the Chicago area from 1956 to 1977 in violation of the Sherman Act. Defendants F. E. Moran, Inc. and Owen A. Moran ("Morans") seek to depose representatives of the State of Illinois and Chicago Board of Education [2] as to the identity of the asserted plaintiff class members and several related issues.

Plaintiffs have moved for a protective order against Morans' notice of deposition (the "Notice"),[3] arguing that:

(1) Morans' proposed depositions impinge on the "work-product" doctrine enunciated in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and now expressed in Fed.R.Civ.P. ("Rule") 26(b)(3).

(2) Even if the proposed depositions are not barred by the work-product exception, Morans' proposed discovery is relevant only to class certification issues, on which discovery has long since been cut off by Judge Flaum (to whom these actions were then assigned).

For the reasons stated in this memorandum opinion and order, this Court denies Plaintiffs' motion (subject however to the caveat expressed as to Notice ¶¶ 8 and 9).

### Notice ¶¶ 1, 2, 4 and 5

Four of the Notice inquiries bear most directly on the makeup of the plaintiff class:

(1) Notice ¶¶ 1 and 4 seek the *identity* of each of the 165 to 217 public entities that allegedly purchased piping construction directly from defendants during the relevant time period and the *identity* of the 45 public entities that allegedly purchased piping construction indirectly.

(2) Notice ¶¶ 2 and 5 seek the *dates* of all purchases by both direct and indirect purchasers.

Simply to state those lines of inquiry and the fact that they are sought by deposition demonstrates the inapplicability of the work product doctrine embodied in the Rule.

■ First, by the very terms of Rule 26(b)(3) its exception extends only to "documents and tangible things." Plaintiffs have already delivered the documents identified in the Notice.[4] Now Morans seek to interrogate a representative of each Plaintiff as to *facts*, which are not shielded from discovery. Wright and Miller, 8 Federal Practice and Procedure § 2023 at 194. Even if those facts are known only to Plaintiffs' attorneys they are not thereby rendered non-discoverable. As the Supreme Court put it in *Hickman*, 329 U.S. at 504, 67 S.Ct. at 390:

A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney.

Such facts remain discoverable under Rule 26(b)(3). Indeed the Advisory Committee Note to the Rule stated specifically:

No change is made in the existing doctrine, noted in the *Hickman* case, that one party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable.

Nor is that conclusion altered by the fact—if such be the case—that the request-

---

1. 79 C 3046 and 79 C 3077 are fully consolidated. 79 C 5253 is consolidated for discovery purposes only.

2. Though there are also other named plaintiffs in these actions, for simplicity this opinion will refer to the State and the Board as "Plaintiffs."

3. Morans have withdrawn their document requests that accompanied the Notice, based on Plaintiffs' representations and document production. In addition, Notice ¶¶ 3, 6 and 7 are not in dispute.

4. Oddly enough in light of their work-product contention, Plaintiffs turned over such documents *without* objection; Morans' Br. 1 n.* and Ex. B thereto. To the extent Plaintiffs' work-product argument had any force, it would relate only to those very documents, given the language of Rule 26(b)(3).

ed information as to the identity of direct and indirect purchasers and the dates of their purchases are known to Plaintiffs only through the investigative work of their attorneys. What Morans seek is not to probe the attorneys' mental processes but rather to learn the factual end results of their reasoning.

Moreover, if under the circumstances of these actions such probing does become necessary, that does not necessarily place it out of bounds to discovery. Both areas of Morans' inquiry bear upon class-relevant issues. For that purpose neither Morans nor this Court are or is bound to accept Plaintiffs' conclusions as to the classification of purchasers or their purchases. If for example it becomes relevant (as it likely will) to determine whether the numbers bear out Plaintiffs' contentions, inquiry will have to be made as to the basis on which purchasers and purchases were categorized by Plaintiffs' attorneys. This situation is plainly distinguishable from the "mental impressions" and "privacy of an attorney's course of preparation" considerations discussed, for example, in *Ford v. Philips Electronics Instruments Co.*, 82 F.R.D. 359, 360–61 (E.D. Pa.1979).

Plaintiffs are however correct on one aspect of their argument: Discovery as to class certification issues is closed in these actions and has been since April 3, 1981. There is no substance to Morans' response that this Court's January 21, 1981 memorandum opinion and order (the "Opinion") makes enforcement of the cutoff an "impermissible result." Essentially Morans contend that because the Opinion held Judge Flaum had not ordered bifurcated discovery, enforcement of the April 3 class certification discovery cutoff set by Magistrate Cooley is barred.

■ Morans can take no comfort from the Opinion. There the Court found defendants wrong in arguing that neither Judge Flaum nor Magistrate Cooley had imposed bifurcated discovery—but that question was relevant only to permitting merits-related discovery while class-related discovery was still in progress. Not a word in the Opinion hinted at a change in the previously-ordered time limit on discovery of class-certification-related issues.

It was contemplated by Judge Flaum, and there has been no change in that plan, that at a defined time the parties would stop their inquiry into class certification issues and begin to brief them. Magistrate Cooley's February 3, 1981 order, read together with prior minute orders in the case, clearly imposed an April 3, 1981 cutoff on discovery as to those issues. Neither Morans nor any other defendants ever moved for an extension of that cutoff date.

But Morans' proposed discovery is relevant not only to class certification but to merits-related issues. As Morans Br. 5 points out, the facts requested in Notice ¶¶ 1, 2, 4 and 5 also bear upon the recoverability of damages by the indirect purchasers of piping construction under *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977), and perhaps other ultimate issues as well. Plaintiffs can scarcely contend that these cases could be tried on the merits without defendants knowing the identities of the public entities whom they are alleged to have injured and the dates of the purchases.

*Notice ¶¶ 8 and 9*

Notice ¶¶ 8 and 9 pose a different problem. They seek deposition testimony from Plaintiffs' representatives as to communications between the Illinois Attorney General and the United States Department of Justice regarding the activities out of which these actions arise. Such disclosure might well impinge upon the *legal theories* employed by Plaintiffs in this litigation.

■ This opinion's earlier discussion of the scope of Rule 26(b)(3) (contrasting "documents or tangible things" with testimony) is relevant here as well. And once again Plaintiffs' delivery of the relevant documents undercuts their ability to invoke the full scope of the work product doctrine.

However for the reasons expressed in *Ford* this Court is loath to find that document delivery has somehow waived Plaintiffs' right to object to areas of questioning calling for counsel's "mental impressions," so that Morans are permitted to rummage

freely through opposing counsel's thought processes. It is of course impossible to announce in advance how the distinction between *fact* inquiries (permitted) and *legal theory* and like inquiries (not permitted except under special circumstances) will be made during the course of interrogation. But counsel are urged to be mindful of the need for line-drawing—and this Court will not require the deponent, if a dispute arises in that respect, to answer the question subject to later ruling by the Court. *Cf. Eggleston v. Plumbers Local Union No. 130,* 657 F.2d 890, 902–03 (7th Cir. 1981).

### Conclusion

Plaintiffs' motion for a protective order is denied in its entirety, subject to the comments in the preceding paragraph. Because some of the contemplated discovery is relevant to the class certification issues so critical to these actions (despite the prior closing of discovery directed to those issues alone), counsel for the parties are asked to apprise the Court by letter delivered to chambers on or before December 31, 1981 (with copies of course to all counsel on the notice list) of their suggestions as to the proper rescheduling of the previously deferred briefs on class certification.