PHOENIX NATIONAL CORPORATION, INC., Plaintiff,

v.

BOWATER UNITED KINGDOM PAPER LIMITED; Bowater Incorporated; and Bowater Sales Company, Defendants.

Civ. A. No. C80–420A.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 19, 1983.

Barclay Macon, Terrence Lee Croft, Atlanta, Ga., for plaintiff.

Chilton Varner, Atlanta, Ga., for defendants.

## ORDER OF COURT

HORACE T. WARD, District Judge.

Currently before the court in the above-styled case is the counterclaim defendants' motion to compel discovery. The movants seek an order requiring four individuals, all employees of Bowater, Inc. or Bowater Sales Company, to respond to questions which they refuse to answer at their depositions upon the advice of counsel. The movants also request an award of $500 in costs for filing this motion.

## BACKGROUND

The relevant facts are few. Counsel for counterclaimant Bowater Incorporated ("Bowater") hired Jules B. Kroll, an attorney and consultant who "specializes" in internal audits of business organizations, to investigate the activities of Mark Hill. In the course of Kroll's investigation, he interviewed several officers and employees of Bowater. According to Bowater, Mr. Kroll was hired to assist the company in determining whether its legal rights had been violated, and "in assessing, analyzing and planning its legal strategy." Kroll acted under the supervision of Tom Hart, general counsel for Bowater.

In the course of conducting discovery in this case, the movants deposed several employees of Bowater. During depositions, counsel for the movant asked the deponents questions about the subject matter of Kroll's investigation. For example, one witness was asked whether Mr. Kroll talked to him about a particular set of documents, and whether Kroll asked him "anything about Mark Hill or Phoenix National or Phoenix Securities." He refused to answer these questions upon the advice of counsel. Another witness refused to answer whether Mr. Kroll had found anything wrong with Hill's expense account records. Other witnesses were asked general questions about the information obtained by Mr. Kroll, and refused to answer. The refusals were based upon the work product doctrine and attorney/client privilege.

The movants contend that the work product doctrine is inapplicable to this set of facts. They argue that Rule 26(b)(3) applies only to writings, and that facts contained in protected documents may be obtained through depositions. Furthermore, the movants assert that the work product doctrine does not cover information obtained by an investigator.

Bowater contends that the information sought consists of the mental impressions of its attorney(s) and, as such, is privileged. It is argued that Rule 26(b)(3) protects non-tangible as well as tangible material, and that the rule applies to persons hired by an attorney to assist in efforts to prepare for trial. Bowater also urges the court to apply Rule 26(b)(4)(B), which limits discovery of experts' findings and opinions where such experts are hired in preparation for trial and are not expected to testify. Finally, Bowater argues that the interviews conducted by Mr. Kroll fall within the attorney/client privilege and that their contents may not be divulged.

## DISCUSSION

The work product doctrine protects only the "documents and tangible things" prepared by an attorney (or his client) in anticipation of litigation, and "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative

of a party concerning the litigation." Fed. R.Civ.P. 26(b)(3). *United States v. Noble,* 422 U.S. 225, 95 S.Ct. 2160, 2170, 45 L.Ed.2d 141 (1975); *In Re Grand Jury Proceedings,* 601 F.2d 162, 170 (5th Cir.1979). It is the interpretation of this rule that has created the present controversy.

■ The court has concluded that Rule 26(b)(3) governs this situation, despite the fact that the movant does not seek to discover "documents or tangible things." The rule does not imply that mental impressions which are not embodied in documents are discoverable. *Ford v. Philips Electronics Instruments Co.,* 82 F.R.D. 359, 360 (E.D.Pa. 1979). Although the work product doctrine "furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party has learned, or the persons from whom he has learned such facts, or the existence or nonexistence of documents" [Wright & Miller, *Federal Practice and Procedure:* § 2023, p. 194] the court finds that the questions posed to the deponents in this case are designed to elicit information which goes beyond the underlying facts.

■ The problem in this case is distinguishing between questions which go to a deponent's knowledge of the facts, and those which seek to discover the theory of the defense or which invade the privacy of the trial preparation process [and therefore conflict with the Supreme Court's opinion in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)]. Questions about counsel's view of the case, the facts which counsel considers significant, or the specific questions asked by his agent during the investigation all fall under the category of questions about "mental impressions." *See Ford v. Philips Electronics, supra* at 361. Such questions are impermissible. The court finds the guidelines imposed in the *Ford* case to be applicable here:

Insofar as defendant's question attempted to elicit from the witness specific questions that plaintiff's counsel posed to him, or even the area of the case to which he directed the majority of his questions, it exceeds the permissible bounds of dis-

covery and begins to infringe on plaintiff's counsel's evaluation of the case. However, insofar as it was directed to the substance of the witness' knowledge of relevant facts, it is clearly an acceptable line of inquiry ...

*Id.*

The court went on to disallow questions about the substance of the interviews with plaintiff's counsel, the general line of inquiry, the facts which seemed significant to counsel, or any other matter which might reveal counsel's mental impressions about the case.

The movants in the present case attached five excerpts from depositions to their motion to compel. Upon application of the guidelines set forth above, the court has found only one of the movant's questions (which the deponent refused to answer) to be permissible. This question is found in "Exhibit B", where the witness was asked whether the investigation of Mark Hill revealed anything wrong with his expense account records. This question goes to the witness' knowledge of underlying facts and is permissible. The remainder of the questions to which Bowater's counsel objected asked what Mr. Kroll told the witness (Exhibits C and E), what was the subject of the conversation between the witness and Mr. Kroll (Exhibit D), and whether Mr. Kroll talked to the witness about a particular set of documents (Exhibit A). None of these questions is permissible under Rule 26(b)(3) or the *Ford* guidelines.

Because the court finds that Rule 26(b)(3) governs this case it is unnecessary to consider whether attorney/client privilege or Rule 26(b)(4)(B) would apply. The court hereby ORDERS as follows: the counterclaim defendants' motion to compel is DENIED, with one exception. The question about the results of the investigation of Mark Hill contained in Exhibit B is permissible, and as such, must be answered. Any questions about a witness' own knowledge of the facts revealed by Mr. Kroll's investigation may be asked, but counsel for the counterclaim defendants may not inquire about the substance of conversations be-

tween Mr. Kroll and a witness. The movant's request for an award of costs under Rule 37 is DENIED.