John D. LOTT and Aline G. Lott, John N. Summerlin and Colleen Ruth Summerlin, Adrian R. Morgan and Lucy A. Morgan, Violas Ammons and Sylvia W. Ammons, Osborn McDonald and Doris K. McDonald, Thomas W. Vickers and Virginia S. Vickers, Isaac J. Davis and Belle Dean Davis, Kermit Cravey and Wilma Mae Cravey, Clinton Dubberly and Edna E. Dubberly, Robert Lee Barber and Ruth W. Barber, Richard M. Gray and Mary R. Gray, Roy O. Dubberly and Latrelle Dubberly, Caroll Larry Strickland, Billy J. Strickland, Lena Herrin, Plaintiffs,

v.

SEABOARD SYSTEMS RAILROAD, INC., et al., Defendants.

Nos. CV584–076 to CV584–089 and CV584–107.

United States District Court, S.D. Georgia, Waycross Division.

Oct. 16, 1985.

Joseph F. Rice, James H. Rion, Blatt & Fales, Barnwell, S.C., Douglas L. Gibson, Waycross, Ga., John D. Roven, Houston, Tex., G. Brinson Williams, Hinesville, Ga., for plaintiffs.

Charles B. Mikell, Darlene Y. Ross, Brannen, Wessels & Searcy, Savannah, Ga., for Celotex Corp.

F. Saunders Aldridge, III, Theodore T. Carellas, Savannah, Ga., Randall A. Jordan, Brunswick, Ga., for Seaboard Systems R.R., Inc.

Edgar A. Neely, III, Richard K. Hines, V, Richard B. North, Jr., Atlanta, Ga., for Raymark Industries, Inc.

William H. Whaley, Atlanta, Ga., for John Crane-Houdaille, Inc.

Richard P. Schultz, Atlanta, Ga., for Keene Corp. and Cameron & Barkley Corp.

David K. Whatley, Atlanta, Ga., for H.K. Porter Co., Inc.

Philip R. Taylor, Brunswick, Ga., for Cameron & Barkley Corp.

Frederick F. Saunders, Jr., Michael W. McElroy, Atlanta, Ga., for Anchor Packing Co.

Henry G. Garrard, III, M. Steven Heath, Athens, Ga., for Celotex Corp., Keene Corp. and H.K. Porter Co., Inc.

### ORDER

EDENFIELD, District Judge.

Before the Court is what the parties have termed "plaintiffs' second motion to compel."

### I. *Background*

This motion to compel arises out of the August 22, 1985 deposition of Mr. Walter K. Hunt, a claims manager for defendant Seaboard Systems Railroad, Inc. (hereinafter "SBD"). SBD listed Mr. Hunt as a witness who would testify at trial, and plaintiffs noticed his deposition. During the course of the deposition, plaintiffs attempted to examine Mr. Hunt regarding information he had gathered about the use of asbestos in SBD's Waycross shops. Specifically, plaintiffs sought Mr. Hunt's knowledge concerning the methods in which asbestos was used, whose asbestos products were used, what volume of asbestos materials was used, and the nature and degree of employee exposure to asbestos. Hunt deposition, pp. 4, 7 & 12.

Counsel for SBD refused to allow Mr. Hunt to answer these questions, citing the attorney-client privilege and the work product doctrine. *Id.* at p. 4. Thereafter, plaintiffs moved this Court under Fed.R.Civ.P. 37 for an order compelling Mr. Hunt to answer all questions concerning his knowledge of facts relevant to these railroad asbestos cases.

In SBD's response, it contends that plaintiffs desire information gathered by Mr.

Hunt subsequent to the filing of the first of these asbestos suits in 1981. Because Mr. Hunt performed his investigation under the close supervision of SBD counsel, the information gathered is beyond the scope of discovery since it is work product and protected by Fed.R.Civ.P. 26(b)(3).

## II. Law and Analysis

### A. Attorney-Client Privilege

Although it appears to the Court that SBD has abandoned the attorney-client privilege as a justification for its refusal to allow Mr. Hunt to answer questions posed in his deposition,[1] the Court will address the issue.

■ Actions under FELA brought in a federal court are actions "arising under" federal law. *Imm v. Union Railroad Co.,* 289 F.2d 858 (3rd Cir.), *cert. denied,* 368 U.S. 833, 82 S.Ct. 55, 7 L.Ed.2d 35 (1961). In a federal question case, privilege is governed by federal common law.[2] In discussing the application of the attorney-client privilege under federal law, the Supreme Court, in *Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), made it clear that the privilege only protects disclosure of communications. It does not protect disclosure of the underlying facts by those who communicated with the attorney. The Court stated:

"[T]he protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his

attorney." *Philadelphia v. Westinghouse Electric Corp.,* 205 F.Supp. 830, 831 (E.D.Pa.1962).

*Id.* at 395–96; *see also Casson Const. Co. v. Armco Steel Corp.,* 91 F.R.D. 376, 384 (D.Kan.1980).

■ The burden of establishing the existence of the attorney-client privilege rests with the claimant of the privilege, SBD. *In Re Grand Jury Subpoena Bierman,* 765 F.2d 1014, 1019 (11th Cir.1985); *United States v. Osborn,* 561 F.2d 1334, 1339 (9th Cir.1977). SBD, in failing to address this issue in its brief, effectively foreclosed any opportunity it had to establish the elements of the privilege and claim it in regard to Hunt's deposition.

In any event, since the questions propounded to Mr. Hunt[3] sought facts (the claims agent's knowledge of asbestos use) and not what he had communicated to SBD's attorneys, defendant had no grounds to assert the privilege.

### B. Work Product Doctrine

The work product doctrine has its origins in the United States Supreme Court's decision in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and was eventually incorporated into Rule 26(b)(3) of the Federal Rules of Civil Procedure which was adopted by the Supreme Court in 1970. *See* 8 Wright and Miller, *Federal Practice and Procedure* §§ 2021–28 (1970); *Annot.,* 35 A.L.R.3d 412 (1971). Rule 26(b)(3), *supra,* provides in pertinent part:

(3) *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or

---

1. Although the deposition excerpt referred to *supra* shows that the attorney-client privilege was a ground for SBD's objection to plaintiffs' questions, SBD did not address it in their brief; SBD only briefed the applicability of the work product doctrine to this case.

2. Where federal law controls, Federal Rule of Evidence 501 provides that "the privilege of a

witness ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."

3. The Court assumes without deciding that Mr. Hunt is the proper corporate agent to assert the attorney-client privilege.

for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

■ The protection offered by Rule 26(b)(3) is termed a "qualified immunity" from discovery. 10 Fed.Proc.L.Ed. § 26:40. In order for material to come within the qualified immunity of Rule 26(b)(3), the material must be: (1) "documents and tangible things;" (2) "prepared in anticipation of litigation or for trial;" and (3) "by or for another party or by or for that other party's representative." 8 Wright and Miller, *supra*, at § 2024. The material need not be prepared by an attorney since Rule 26(b)(3) expressly extends protection to materials prepared by or for a representative of a party, including his agent. *Id.; see* Advisory Committee Note to Rule 26(b)(3); *United States v. Chatham City Corp.*, 72 F.R.D. 640, 642 (S.D.Ga.1976).

■ In the case *sub judice*, SBD, as the party objecting to discovery, has the burden of establishing that the information sought by plaintiffs is protected. *Feldman v. Pioneer Petroleum*, 87 F.R.D. 86, 88 (W.D.Okla.1980); Wright and Miller, *supra*, at § 2023. If the Court finds that the material is protected, the burden is on plaintiffs to make a sufficient showing of "substantial need" and "undue hardship" as required by Rule 26(b)(3) to overcome the protection afforded by said rule.

*Byers v. Burleson*, 100 F.R.D. 436, 439 (D.D.C.1983); 8 Wright and Miller, *supra*, at § 2023.

As noted above, the work product doctrine is specifically limited by the express language of Rule 26(b)(3) to "documents and tangible things." The discovery dispute in the instant case does not appear to be governed by this rule since a document or tangible things is not at the heart of the problem. As noted by Professor Wright, the work product doctrine

> protects only documents and tangible things. It does not protect facts learned from the documents or things. There is no shield against discovery, by interrogatories or by deposition, of the facts that the opponent has acquired, or the person from whom he obtained the facts, or the existence or nonexistence of documents, even though the documents themselves have a qualified immunity from discovery.

Wright, *The Law of Federal Courts*, § 82, at 556 (4th ed. 1983); *see also* 8 Wright and Miller, *supra*, at § 2023.[4] Courts that have considered this issue have generally agreed that the protections of Rule 26(b)(3) apply only to "documents and tangible things," and do not prevent discovery of facts relevant to an action. *See Byers v. Burleson*, 100 F.R.D. 436, 439 n. 4 (D.D.C. 1983) ("26(b)(3) only applies to the discovery of 'documents and other tangible things,' and is not implicated by a challenge to a deposition."); *Baise v. Alewel's, Inc.*, 99 F.R.D. 95, 96 (W.D.Mo.1983) (defendants' assertion that Rule 26(b)(3) only protects "documents and tangible things" is correct); *Feldman v. Pioneer Petroleum*, 87 F.R.D. 86, 89 (W.D.Okla.1980) (dispute not governed by 26(b)(3) since no "document or tangible" thing involved).

This is not to say that plaintiffs are entitled to have Mr. Hunt answer any and all questions posed to him. "The distinction implicit in Rule 26(b)(3) between doc-

---

**4.** As stated in the Notes of the Advisory Committee on the Rules, "No change is made in the existing doctrine, noted in the *Hickman* case, that one party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable." 48 F.R.D. 487, 501 (1969).

uments and intangible things, which are discoverable upon the proper showing, and facts for which no special showing is required, in no way intimates that Rule 26(b)(3) opens to discovery an attorney's mental impressions ... The Rule in no way implies that mental impressions not embodied in documents are otherwise discoverable." *Ford v. Philips Electronics Instruments Co.*, 82 F.R.D. 359, 360 (E.D.Pa. 1979).

■ "The problem in this case is distinguishing between questions which go to a deponent's knowledge of the facts, and those which seek to discovery the theory of the defense or which invade the privacy of the trial preparation process [and therefore conflict with the Supreme Court's opinion in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)]." *Phoenix Nat. Corp. v. Bowater United Kingdom Paper Limited*, 98 F.R.D. 669, 671 (N.D. Ga.1983). Questions seeking information about the underlying facts of this action would be permissible. However, questions seeking information about a lawyer's mental impressions and legal theories, as well as the mental impressions and subjective evaluations of the claims agent would be impermissible. *Ford*, 82 F.R.D. at 360.

■ As indicated above, plaintiffs wish to question Mr. Hunt as to his knowledge of certain facts, *i.e.*, the methods in which asbestos was used, whose asbestos products were used, what volume of asbestos materials was used, and the nature and degree of employee exposure to asbestos. The Court finds these questions permissible as they are inquiries into facts. Mr. Hunt is ordered to answer them. Defendants have the right, however, to refuse to allow Mr. Hunt to answer questions which may infringe upon the mental impressions or legal theories of defendant's counsel. Mr. Hunt may also refuse to answer questions which delve into his mental impressions and subjective evaluations or which seek information about mental impressions and subjective evaluations of the cases exchanged between him and counsel. Counsel for both sides are instructed to follow these guidelines in the renewed deposition of Mr. Hunt.

### III. *Conclusion*

Plaintiffs' motion to compel is GRANTED as outlined above.