[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of three claims by the plaintiff, Joseph Celentano, for compensation allegedly due him under an insurance policy purchased from the defendant Home Insurance Company ("Home") covering a vacant building located in Bridgeport, Connecticut. The insured premises suffered extensive damage in three separate incidents of vandalism which occurred in July, 1989; September, 1989 and January 1990. Plaintiff's claims for coverage have been denied by defendant. Defendant asserts that it is not liable pursuant to the policy at issue because plaintiff did not adequately safeguard the premises.
On June 19, 1992, Home filed a Motion for Protective Order, pursuant to Practice Book 221, requesting the entry of an order limiting the scheduled out-of-state deposition of its Senior Claims Analyst, Mr. Roger Spivey, "to questioning pertaining to coverage for the loses allegedly sustained and precluding questioning pertaining to Home's investigation of these loses, which investigation was performed under the attorney-client privilege, work product privilege and the privilege of self defense of this action." (Emphasis added.) See #133. CT Page 11146
Home requests (hereinafter referred to as "Requests #1-4"), that the court make the following findings:
 [1a.] That the work product privilege asserted by the affidavit of attorney Gallagher is sustained as to the documents prepared at his direction;
 [b.] That the work product privilege asserted by the affidavit of Counsel dated July 29, 1992 is sustained as to documents prepared at the direction of Halloran Sage;
 [2.] That the Motion for Protective Order of June 17, 1992 will be granted precluding questioning regarding investigation of and decision-making surrounding Home's evaluation of these claims;
 [3.] That the nontestifying consultant privilege of Connecticut P.B. 220(B), asserted by the Affidavit of Counsel dated July 29, 1992, is sustained.
The work product of the lawyer covers the "written materials obtained or prepared by an adversary's counsel with an eye towards litigation . . ." and it includes "interviews, statements, memoranda, correspondence, briefs, mental impressions [and] personal beliefs." Hickman v. Taylor, supra, 511. "The burden of establishing that the information sought constitutes work product is upon the party asserting such a claim." Carrier Corporation v. The Home Insurance Company, 7, CSCR 823, 825 (June, 12, 1992, Schaller, J.)
An attorney's work product may be discovered only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. Practice Book 219; Fed.R.Civ. 26(b)(3; Kriskey v. Chestnut Hill Bus. Co., 1 Conn. L. Rptr. 610, 611 (May 9, 1990, Landau, J.)
The protection offered by 219 is termed a "qualified immunity" from discovery. Lott v. Seaboard Systems R.R. Inc.,109 F.R.D. 554, 557 (S.D. Ga. 1985); see also Bird v. Penn Central Co., 61 F.R.D. 43 (E.D.Pa. 1973) (court found defendant made sufficient showing of substantial need to justify disclosure of sought-after work product because only through discovery of CT Page 11147 information in the hands of plaintiff and its agents could defendant substantiate his defense); Kearney and Trecker Corp. v. Giddings and Lewis, Inc., 296 F. Sup. 979 (E.D. Wis. 1969) (existence of exceptional need for discovery justifying disclosure of opinion work product). In order for material to come within the qualified immunity of 219, the material must be (1) `documents and tangible things;' (2) `prepared in anticipation of litigation or for trial;' (3) `by or for another party or by or for that other party's representative.'" Falvey's Inc. v. Republic Oil Co., 3 CSCR 931, 933 (November 3, 1988, Schimelman, J.)
 Where an adverse party has satisfied the threshold criteria, the work product concept furnishes no shield against discovery of relevant and non-privileged facts that the adverse party's lawyer has learned or the persons from whom he has learned such facts or the existence or non-existence of documents, even though perhaps the documents themselves may not be subject to discovery. Hydramar, Inc. v. General Dynamics Corp., 119 F.R.D. 367, 372. However, where the information sought relates to preparation, strategy, opinions, mental impressions and the like rather than the underlying evidence, it is protected.
Buckland v. New Haven Podiatry Associates, 4 CSCR 176 (January 10, 1989, Flanagan, J.)
The attorney-client and attorney. State v. Burak, 201 Conn. 517,518 A.2d 639 (186); Tait and Laplante, Handbook of Connecticut Evidence (1976) 12.5.
 A widely cited formulation of the privilege states that: `(1) Where a legal advice of any kind is sought; (2) from a professional legal adviser in his capacity as such; (3) communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal adviser; (8) except the protection be waived.' (Citations omitted.)
Carrier Corporation v. The Home Insurance Co., supra, 824. Similar to the work product doctrine, the burden of proving facts essential to the attorney-client privileges in on the person asserting it. Id.
In an affidavit by Attorney Gallagher, Gallagher testified that (1) he was hired as an attorney for the defendant in January 1990 CT Page 11148 to conduct an investigation of multiple losses occurring at defendant's property, (2) that the documents he prepared as well as the documents prepared by the consultants and experts, who investigated the losses at issue were hired on behalf of the defendant were prepared at his direction and in anticipation of litigation, (3) that said documents contain confidential communications and legal advice in connection with his representation of the defendant, (4) that said documents contain his mental impressions, conclusions, opinions, legal strategies and theories, (5) that said documents are protected from discovery under the attorney-client and work product privileges. (See Defendant's Memorandum, 138, Exhibit 4).
The "Affidavit of Counsel" dated July 29, 1992 states that upon entering its appearance on behalf of the defendant on March 28, 1991, Halloran Sage continued to work of its predecessor Attorney Gallagher and therein asserts facts essentially identical to those asserted by Gallagher. (See Defendant's Memorandum #138, Exhibit #5).
It's within the Court's discretion to find that the documents sought are privileged communications. In light of the facts alleged in the Affidavits of Counsel, the court finds that the defendant has met the threshold burden of establishing that the aforementioned documents were prepared in anticipation of litigation.
As the documents are deemed to have been prepared in anticipation of litigation, then the plaintiff may only discover such documents upon a showing of substantial need of the materials and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Falvey's Inc. v. Republic Oil Co., supra.
In its memorandum in opposition to the defendant's motion for protective order, plaintiff argues that the information sought is "essential to the establishment of plaintiff's claims of bad faith and unfair settlement practices." Id. Plaintiff cites Robarge v. Patriot General Insurance Co., 7 CSCR 551 (May 11, 1992, Hammer, J.) and Bourget v. GEICO, 48 F.R.D. 29 (D. Conn. 1969), for the proposition that bad faith actions against an insurer can only be proved by showing the underlying claims process, Plaintiff claims that the information sought will shed light on the thoroughness and reasonableness of defendant's actions as well as enable plaintiff to prove that the insurer's unfair acts were part of the insurer's general business practice in violation of the Connecticut CT Page 11149 Unfair Insurance Practices Act. ("CUIPA").
It is clear that if the court finds that plaintiff has proven that he has substantial need for the aforementioned information in the preparation of its case and that he is unable, without undue hardship, to obtain the substantial equivalent of the documents by other means, then the information should not be precluded from discovery pursuant to defendant's protective order. It is further noted that without discovery for the non-mental impression work product, plaintiff will be unable to demonstrate the bad faith of the defendant. Accordingly, it is found that plaintiff has demonstrated the substantial need for discovery justifying disclosure of opinion work product as described in Request #1a and 1b.
II. Request #2: Questioning Pertaining to Defendant Home's Investigation and Evaluation of Plaintiff's Claims.
The work product doctrine protects only documents and tangible things; it does not protect facts learned from the document or things. (Emphasis added). Lott v. Seaboard Systems R.R. Inc., supra, 557. "There is not shield against discovery, by interrogatories or depositions of the facts that the opponent has acquired, or the person from whom he obtained the facts, or the existence or non-existence of documents, even thought the documents themselves have qualified immunity." Falvey's Inc. v. Republic Oil Co., supra.
It is clear that defendant' second request involving preclusion of questioning pertaining to defendant's investigation and evaluation of plaintiff's claim should by denied in that the work product doctrine does not preclude discovery of the facts learned by Roger Spivey from the investigation and evaluation of plaintiff's claims.
III. Request #3.: Nontestifying Consultant Privilege
The defendant states that is "has not yet decided whether certain of its experts, including a builder and public adjuster, that have been retained in anticipation of litigation" will testify at trial. Therefore, defendant requests that, pursuant to Practice Book 220(B), the court should preclude the disclosure of said Affidavit of Counsel: Exhibit 5, para. 9.)
Practice Book 220(B) provides that: CT Page 11150
 [A] party may discover facts known or opinions held by an expert who had been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only . . . upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
In Grieg v. Koehring Construction Equipment Co.,3 CSCR 458 (April 27, 1988, Satter, J.), the plaintiff moved to take the deposition of a consulting engineer who was retained by the defendant but who was not anticipated to be called by defendant to testify at trial. The court ordered that the deposition of the non-testifying consulting engineer be taken pursuant to Practice Book 220(B) based on it finding that plaintiff had made the requisite showing that exceptional circumstances existed to obtain the deposition in that said engineer, who had observed the machine which caused plaintiff's death and was the only person who could relate the effect a block affixed to the pedal of the machine may have had on the operation of the machine. Id. The court held that it would be impracticable for the plaintiff to obtain facts and opinions on that subject by other means. Id.
In its memorandum in support of the motion for protective order, defendant states that its experts and consultants, including a public adjuster and building contractor, have been retained for consultation in anticipation of litigation and that the information prepared by same is protected under the nontestifying expert privilege under Practice Book 220(B) in that Home's counsel has not yet decided whether these experts will be testifying at trial. Defendant further states that plaintiff can make no showing of exceptional circumstances necessary to obtain this information because plaintiff has hired a public adjuster and building contractor. Plaintiff has not briefed this issue.
Plaintiff has failed to state any exceptional circumstances that exist which would make it impracticable for plaintiff to obtain the sought out information of these nontestifying experts. It is therefore found that plaintiff has failed to meet its burden and the court grants defendant's motion for protective order as to this request.
IV. Request #4: Bifurcation of the Issues Pertaining To Coverage From the Claim For Bad Faith
Defendant next request that the case be bifurcated to allow the CT Page 11151 issues pertaining to coverage and the amount of loss to be tried prior to the issues raised by the plaintiff's allegations of bad faith, CUTPA, and CUIPA. Defendant further requests that the issues pertaining to the work product privilege be reexamined by the court after there has been a ruling on coverage for said claims. (See Defendant's Memorandum #138, p. 4.) Essentially, these requests require the court to (1) bifurcate the issues presented and, (2) delay the discovery regarding the bad faith claims until after judgment has been entered in favor of coverage.
Connecticut caselaw provides that where an insurer denies coverage two causes of action arise: one on the contract and, if it is alleged that the insurer has acted in bad faith, one in tort. See Buckman v. People Express, Inc., 205 Conn. 166, 530 A.2d 596
(1987); Grand Sheet Metal Product Co. v. Protection Mutual Ins. Co., supra.
In Buckman v. People Express, Inc., supra, the plaintiff sought damages from the defendant, his former employer, claiming that (1) he had suffered emotional distress because of the defendant's failure to enable him to continue his group health insurance as statutorily required and, (2) the defendant had failed to act in good faith with regard to his interests in the continued coverage. The court rejected "[t]he premise of the defendant's argument that the trial court erred in instructing the jury relative to the claim of bad faith" because the basis for the assumption was that the only cause of action available to the plaintiff was the statutory claim for bad faith. Id. "This assumption, however, is erroneous because this court recognizes an independent cause of action in tort arising from an insurer's common law duty of good faith. This cause of action is separate and distinct from the plaintiff's statutory claims. (Citations omitted.)" Buckman v. People Express, supra, 170.
Similarly, in Grand Sheet Metal Products Co. v. Protection Mutual Ins. Co., supra, the court recognized that an insurer's denial of coverage gives rise to a tort claim for bad faith as well as a claim for breach of contract.
In its memorandum in support of the motion for protective order, defendant asserts that Connecticut courts have not addressed the issue at hand. Essentially, defendant claims that the plaintiff, by simultaneously pleading a claim for bad faith and for breach of contract, is prohibited from accessing information pertaining to defendant's investigation of the losses. However, CT Page 11152 defendant argues that other jurisdictions have held that "claims discovery and discovery on extra-contractual claims brought by first-party insureds is premature under there has been a finding of liability on the coverage claims." (See Defendant's Memorandum, 138, p. 7).
Plaintiff argues in opposition to the motion for protective order that the information defendant seek is discoverable in that courts which have addressed discovery disputes similar to the instant case have rejected claims of privilege in connection with an insurer's investigation and handling of an insurance claim.
Research of Connecticut caselaw has revealed that the courts have not addressed the issue of whether an insurer's claim file, containing the investigation, correspondence and handling of a claim, is discoverable when simultaneous claims of bad faith and breach of contract against an insurer are filed. Additionally, research has shown no statutory requirement which requires that prosecution of the bad faith (tort) claim must await judgment on the coverage issue.
Therefore, there is no authority upon which the court may preclude discovery of the non-privileged information contained in the insurer's claim file for the reason that the plaintiff has filed simultaneous claims of bad faith and breach of contract against the insurer. Accordingly, it is found that defendant's motion for protective order in regard to Request #4 should be denied. The Request for Protective Order As to #1, #2 and #4 is denied.
The Request is granted as to #3.