IN RE ELECTION OF NOVEMBER 6, 1990 FOR THE OFFICE OF ATTORNEY GENERAL OF OHIO.

[Cite as In re Election of November 6, 1990 for the Office of Attorney General of Ohio (1991), 57 Ohio St. 3d 614.]

(No. 90-2544—Submitted January 23, 1991—Decided January 24, 1991.)

MOYER, C.J. Contestee, Lee I. Fisher, has filed a motion with accompanying memorandum to require contestor, Paul E. Pfeifer, to produce certain notes made by witnesses David Payne and Michael Slanker as observers during the official recount of ballots for the Office of Attorney General held on December 11, 1990 in Mahoning County and at a subsequent examination of materials and equipment also held in Mahoning County on January 9, 1991. Contestor deposed Payne and Slanker on January 16, 1991 and filed their depositions with the court on January 17, 1991. Contestor has filed a memorandum in opposition, contending that these notes are protected as attorney work-product under Civ. R. 26(B)(3), and a motion for a protective order to prevent such discovery and also to prevent redeposition of the witnesses by contestee. For the following reasons, the court denies both motions.

From affidavits submitted by contestor, the court finds (1) that Slanker took notes on November 13 to 14, 1990 at the official counting of the ballots in Mahoning County, on December 11, 1990 at the official recount there, and on January 9, 1991, when certain materials and optical scanning equipment were inspected there; (2) that Payne took notes only on December 11, 1990 at the official recount; (3) that all notes were prepared at affiant Gordon Strauss's direction and for his use; and (4) that Strauss was engaged to represent the interests of contestor on all dates on which notes were made.

Civ. R. 26(B)(3) states in part:

"* * * [A] party may obtain discovery of documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing of good cause therefor. * * *"

Contestee argues that any privilege conferred by the rule was waived because the witnesses prepared the

notes for and delivered them to contestor's campaign manager, Barry Bennett, and because the witnesses were deposed by contestor and testified extensively on the same subject covered by the notes. Contestee's argument would have merit if it were addressed to the attorney-client privilege of R.C. 2317.02(A). Contestor does not claim exemption under this statute, however, but under Civ. R. 26(B)(3). The court finds that a waiver of the attorney-client privilege does not necessarily constitute a waiver of exemption under Civ. R. 26(B)(3). See *Handgards, Inc.* v. *Johnson & Johnson* (N. D. Cal. 1976), 413 F. Supp. 926.

The court finds from the aforementioned facts that Payne and Slanker acted as attorney Strauss's agents. Thus, contestor has successfully carried his burden of proof to invoke the protection of the rule, and contestee has the burden of proof to establish the "good cause" exception to the rule. See *Lott* v. *Seaboard Systems R.R., Inc.* (S. D. Ga. 1985), 109 F.R.D. 554. However, because contestee has argued waiver principles applicable to the attorney-client privilege but inapplicable to Civ. R. 26(B)(3), the court finds that he has not carried his burden of proof to show good cause.

Because the court has denied contestee's motion for production of the notes, it finds it unnecessary to grant contestor's protective order to protect them from discovery. Moreover, pursuant to Civ. R. 26(B)(1), the court denies contestor's motion for a protective order to prevent contestee from taking new depositions of the witnesses. Contestor may, of course, object to the admissibility of any evidence obtained thereby.

Accordingly, both contestee's and contestor's motions are denied.