MUZE, APPELLEE, *v.* MAYFIELD, ADMR., ET AL.; YOUGHIOGHENY & OHIO COAL COMPANY, APPELLANT.

[Cite as *Muze v. Mayfield* (1991), 61 Ohio St.3d 173.]

(No. 90–1985—Submitted May 8, 1991—Decided July 24, 1991.)

174

*Jerry L. Riseling*, for appellee.

*Hanlon, Duff & Paleudis Co., L.P.A.*, and *John G. Paleudis*, for appellant.

MOYER, C.J. The issue presented for our review is whether payment of costs of a previously dismissed action under Civ.R. 41(D) includes attorney fees. For the reasons that follow, we hold that attorney fees are not costs of a previously dismissed action.

Civ. R. 41(D) reads as follows:

"If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

We have previously ruled that attorney fees are not included as "costs" unless specified by statute. In *State, ex rel. Franklin Cty. Commrs., v. Guilbert* (1907), 77 Ohio St. 333, 338–339, 83 N.E. 80, 81, we discussed the definition of "costs": "Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which * * * [specified individuals] are entitled for their services in an action * * *. The word does not have a fixed legal signification. As originally used it meant an allowance to a party for expenses incurred in prosecuting or defending a suit. Costs did not necessarily cover all of the expenses and they were distinguishable from fees and disbursements. They are allowed only by authority of statute * * *." We reiterated this point in *State, ex rel. Michaels, v. Morse* (1956), 165 Ohio St. 599, 607, 60 O.O. 531, 535, 138 N.E.2d 660, 666, when we said: " ' * * * The general rule in Ohio is that, in the absence of statutory provision

making attorney fees a part of the costs, such fees can not be so taxed. * * * The subject of costs is one entirely of statutory allowance and control * * *.' "

In the instant case, no specific statutory provision authorizing the payment of attorney fees exists. Attorney fees are not included as "costs" of a previously dismissed action under Civ.R. 41(D). We affirm the judgment of the court of appeals for the reasons stated herein.

*Judgment affirmed.*

SWEENEY, HARSHA, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

WILLIAM H. HARSHA, J., of the Fourth Appellate District, sitting for HOLMES, J.