IN RE ELECTION OF NOVEMBER 6, 1990 FOR THE
OFFICE OF ATTORNEY GENERAL OF OHIO.

[Cite as *In re Election of November 6, 1990 for the Office
of Attorney General of Ohio* (1991), 62 Ohio St.3d 1.]

(No. 90–2544—Submitted April 10, 1991—Decided August 21, 1991.)

*Thompson, Hine & Flory, William C. Wilkinson, Gordon M. Strauss, Elizabeth B. Wright* and *Julie D. Vannatta,* for contestor.

*Porter, Wright, Morris & Arthur, Richard M. Markus, Kathleen M. O'Malley, Kaufman & Cumberland Co., L.P.A.,* and *Steven S. Kaufman,* for contestee.

MOYER, C.J.  On March 11, 1991, we entered judgment for contestee, Lee I. Fisher, on contestor Paul E. Pfeifer's petition contesting the results of the 1990 election for Ohio Attorney General. *In re Election of November 6, 1990 for the Office of Attorney General of Ohio* (1991), 58 Ohio St.3d 103, 569 N.E.2d 447.  As the prevailing party, contestee has now filed a motion for costs, seeking reimbursement for various expenses, including attorney fees, that he incurred in opposing contestor's petition.  Contestor has opposed the motion for costs and has filed an application for return of the $10,000 bond he filed with his petition pursuant to R.C. 3515.09.

Contestee seeks costs pursuant to R.C. 3515.09, Civ.R. 54(D), and R.C. 2323.51.  However, we agree with contestor's argument that Civ.R. 54(D) and R.C. 2323.51 are not applicable to election contests.  The procedures prescribed for election contests are specific and exclusive. *State, ex rel. Daoust, v. Smith* (1977), 52 Ohio St.2d 199, 200, 6 O.O.3d 457, 458, 371 N.E.2d 536, 537; *Foraker v. Perry Twp. Rural School Dist. Bd. of Edn.* (1935), 130 Ohio St. 243, 4 O.O. 264, 199 N.E. 74, paragraph two of the syllabus.  Given the

exclusivity of the election contest procedures in R.C. 3515.08 *et seq.*, we cannot afford relief except as provided therein.

We decline to adopt contestee's contention that R.C. 3515.11 incorporates Civ.R. 54(D) and R.C. 2323.51 into election contest proceedings. R.C. 3515.11 states in part that "[t]he proceedings at the trial of the contest of an election shall be similar to those in judicial proceedings, in so far as practicable * * *." Although this provision incorporates into election contest proceedings some rules and statutes governing civil actions, such incorporation is limited to those rules and statutes that would pertain "at the trial of the contest."

Prior orders in this contest have recognized the applicability of Civ.R. 41(B)(2) and 26(B)(3), each of which can be said to apply "at the trial of the contest." Civ.R. 41(B)(2) provides for dismissal of a case after the plaintiff's case-in-chief, clearly a procedure to be used "at * * * trial." See *In re Election of November 6, 1990 for the Office of Attorney General of Ohio* (1991), 58 Ohio St.3d 604, 567 N.E.2d 984.

Civ.R. 26(B)(3) governs the discoverability of an opposing party's work product. See *In re Election of November 6, 1990 for the Office of Attorney General of Ohio* (1991), 57 Ohio St.3d 614, 567 N.E.2d 243. Although it is apparent that the main purpose of Civ.R. 26(B)(3) is to govern pretrial discovery, the rule also had relevance to this "trial of the contest." Since testimony in the trial of a contest in this court must be taken by deposition, see R.C. 3515.16, we may refer to those provisions of the Civil Rules pertinent to depositions, including Civ.R. 26(B)(3). See, also, Civ.R. 45(D)(1).

Unlike Civ.R. 41(B)(2) and 26(B)(3), Civ.R. 54(D) and R.C. 2323.51 do not set forth procedures that could be applied "at * * * trial" in this contest. Civ.R. 54(D) provides for an award of costs "to the prevailing party," which assumes that any necessary trial to determine the "prevailing party" has previously been conducted. R.C. 2323.51 provides for an award of attorney fees to a party harmed by "frivolous conduct" in a civil action. Such an award, however, can be made only "at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action." R.C. 2323.51(B)(1). R.C. 2323.51 is not a procedure to be used at a trial. Since Civ.R. 54(D) and R.C. 2323.51 would not apply "at the trial of the contest," R.C. 3515.11 does not incorporate their provisions into election contest proceedings. We lack statutory authority to apply Civ.R. 54(D) or R.C. 2323.51 to this election contest.

Contestee's remaining basis for his motion for costs and attorney fees is R.C. 3515.09. That statute provides in pertinent part:

"Said [contest] petition shall be accompanied by a bond with surety to be approved by the clerk of the appropriate court in a sum sufficient, as

determined by him, to pay all the costs of the contest. The contestor and the person whose right to the nomination or election to such office is being contested, to be known as the contestee, shall be liable to the officers and witnesses for the costs made by them respectively; but if the results of the nomination or election are confirmed or the petition is dismissed or the prosecution fails, judgment shall be rendered against the contestor for the costs; and if the judgment is against the contestee or if the results of the nomination or election are set aside, the county shall pay the costs as other election expenses are paid."

Despite contestor's arguments regarding the interpretation of R.C. 3515.09, we conclude that contestor is liable to the contestee for "all the costs of the contest." The purpose of the statutory bond is to provide security for such costs. If the contestor were not liable for "all the costs of the contest," there would be no reason for the statute to require that he post a bond securing such costs.

Furthermore, there is little doubt that the contestor may be held liable to the contestee. The statute specifically states that "judgment shall be rendered against the contestor for the costs." As the other party to the contest, the contestee is the natural beneficiary of such a judgment. Inasmuch as the statute makes the contestee initially liable for certain costs attributable to "officers and witnesses," a judgment against the contestor should at least shift those costs from the contestee to the contestor.

Contestee claims that a number of items are recoverable as part of "all the costs of the contest." Those items include the following:

(1) attorney fees in defending against the contest petition and in complying with this court's ballot security order;

(2) attorney travel expenses to attend depositions and to comply with the ballot security order;

(3) expenses to copy materials for submission to this court, contestor's counsel, and others;

(4) expenses to deliver materials to this court, contestor's counsel, and others;

(5) court reporter charges;

(6) videotape technician charges for attending, recording, editing, and filing two videotaped depositions;

(7) witnesses' fees and mileage;

(8) computerized legal research expenses;

(9) expert witness fees;  and

(10) long distance telephone and facsimile transmission charges.

An order of costs for items 5, 6, and 7 may be justified. As stated previously, R.C. 3515.09 requires that the contestor reimburse the contestee for "costs" attributable to "officers and witnesses." R.C. 3515.12 in turn states that "the fees of officers and witnesses shall be the same as are provided in other cases, in so far as the nature of the proceedings admits." Read together, these provisions allow an award of costs for fees that are paid to officers and witnesses, such fees being "the same as are provided in other cases * * *." The court reporter and videotape technician charges are allowable because those persons were "officers" for purposes of the deposition testimony submitted to this court for resolution of the contest. Since these officers' fees shall be the same as in other cases, we look to the statute governing deposition fees generally for guidance. R.C. 2319.27. Similarly, the fees and mileage of witnesses are allowable as costs. We find the standard for fees and mileage in civil cases to be most pertinent. R.C. 2335.06.

Beyond these categories of costs, however, we find no authority to award the litigation expenses listed in items 1 through 4 and 8 through 10 as part of "all the costs of the contest." Even with the word "all" placed before "costs" in R.C. 3515.09, the key word in the statute is "costs." *Benda v. Fana* (1967), 10 Ohio St.2d 259, 263, 39 O.O.2d 410, 413, 227 N.E.2d 197, 201 ("costs" and "all costs" synonymous). "Costs are generally defined as the *statutory* fees to which officers, witnesses, jurors, and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment." (Emphasis added.) *Id.* at paragraph one of the syllabus; *State, ex rel. Commrs. of Franklin Cty., v. Guilbert* (1907), 77 Ohio St. 333, 338, 83 N.E. 80, 81. In other words, a particular litigation expense will not qualify as part of "costs" unless it is "fixed and taxable according to statute." *Benda, supra,* 10 Ohio St.2d at 263, 39 O.O.2d at 413, 227 N.E.2d at 201. " '[C]osts' are not synonymous with [litigation] expenses unless expressly made so by statute." *Id.* For example, absent express statutory provision, attorney fees are not recoverable as part of "costs." *Muze v. Mayfield* (1991), 61 Ohio St.3d 173, 573 N.E.2d 1078. Contestee has not cited any pertinent statute that allows us to tax as costs the various litigation expenses he has incurred.

Contestee's reliance on *Moore v. General Motors Corp.* (1985), 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101, is misplaced. In *Moore,* this court liberally construed R.C. 4123.519 as allowing a workers' compensation claimant to recover, as part of the "cost of any legal proceedings," an expert witness's fee for testifying in a deposition. The court concluded that R.C. 4123.95 mandated such a liberal construction. However, we have no similar

statutory mandate in the election contest statutes to construe R.C. 3515.09 liberally. Indeed, a rule of strict construction applies to election contest procedures. *Jenkins v. Hughes* (1952), 157 Ohio St. 186, 190, 47 O.O. 127, 129, 105 N.E.2d 58, 60; *McCall v. Eastern Local School Dist. Bd. of Edn.* (1959), 169 Ohio St. 50, 52, 8 O.O.2d 11, 12, 157 N.E.2d 351, 353. But, see, *Hitt v. Tressler* (1983), 4 Ohio St.3d 174, 176, 4 OBR 453, 454, 447 N.E.2d 1299, 1302 ("hypertechnical" reading of signature requirement in R.C. 3515.09 avoided). The *Moore* holding therefore has no application to this case or any case arising outside the workers' compensation context. See *Moore, supra,* 18 Ohio St.3d at 262, 18 OBR at 316–317, 480 N.E.2d at 1103 (distinguishing *Benda v. Fana, supra*).

Finally, we note contestee's policy argument that he should be reimbursed for his litigation expenses because he has "[i]n a very real sense" defended "the public's [election] procedures while he defend[ed] his own interests." Contestee argues that contestor asserted numerous contentions without any factual basis, without any reasonable prefiling investigation, and without any effort to demonstrate the relation to the specific election race and willingness to withdraw them when they proved totally groundless.

We do not accept the premise that contestee, alone, was defending the interests of the public in this election contest. A contestor who raises arguable claims, as contestor did here, also serves the public interest by raising and litigating important questions concerning the public's vote. In view of the clear violation of the law by the ballot rotation in Mahoning County, the closeness of the election, the very short time for filing a contest of election petition under R.C. 3515.09, and the dearth of controlling law on the issues presented in contestor's complaint, we conclude that contestor's complaint and pursuit of the issues therein could in no way be deemed to be frivolous. The complaint, even after depositions were filed, presented justiciable issues that were properly before this court for adjudication.

In any event, policy arguments cannot transform the phrase "all the costs of the contest" into a broad license to grant contestee reimbursement for most or all his litigation expenses. "Costs" do not extend so far.

Finding only limited support for contestee's motion for costs, we hereby order that the contestee shall file within fifteen days of the date of this order such affidavits as are necessary to substantiate the amount of costs he incurred regarding items 5, 6, and 7. Contestor shall have ten days after such filing to dispute the amounts claimed by contestee by filing counter-affidavits. Until we assess the amount of costs owed, contestor's application for return of bond will be held in abeyance.

*Order accordingly.*

HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and RESNICK, JJ., concur and dissent.

DOUGLAS, J., not participating.

ALICE ROBIE RESNICK, J., concurring and dissenting. I concur in the allowance of the contestee's costs as to items 5, 6, and 7. However, I must respectfully dissent from the disallowance of contestee's costs as to items 1, 2, 3, 4, 8, 9 and 10.

I totally agree with the majority's statement that "[d]espite contestor's arguments regarding the interpretation of R.C. 3515.09, we conclude that contestor is liable to the contestee for 'all the costs of the contest.'" The phrase "all the costs of the contest" is not ambiguous. It clearly means all costs. None of these costs would have been incurred if the contest had not been filed. Accordingly, I would require the contestor to reimburse contestee for items 1 through 10.

SWEENEY, J., concurs in the foregoing opinion.

judicial authority to prevent them from representing themselves, and *State, ex rel. Butler, v. Demis* (1981), 66 Ohio St.2d 123, 20 O.O.3d 121, 420 N.E.2d 116, to show that they have no adequate legal alternative to a writ of prohibition. These showings are sufficient to withstand dismissal pursuant to Civ.R. 12(B)(6) (failure to state a claim upon which relief can be granted) and, in the absence of any response from appellee, they are a sufficient basis for granting appellants relief pursuant to our plenary authority in extraordinary actions. Accordingly, the court of appeals' judgment is reversed and the writ of prohibition is allowed.

