PEGAN, APPELLANT, *v.* CRAWMER, APPELLEE.

[Cite as *Pegan v. Crawmer* (1997), 79 Ohio St.3d 155.]

(No. 96–2852—Submitted May 6, 1997—Decided June 25, 1997.)

■■■■■■

■■■■■■

■■■■■■

*Central Ohio Legal Aid Society, Inc.* and *Patricia L. Moore,* for appellant.

*Cindy Ripko,* for appellee.

---

*Per Curiam.* Pegan asserts in her sole proposition of law that attorney fees are not available as costs absent statutory authority or frivolous conduct on the part of the nonprevailing party. For the reasons that follow, we sustain Pegan's proposition and reverse the judgment of the court of appeals.

First, in the absence of statutory authorization or a finding of conduct that amounts to bad faith, a prevailing party may not recover attorney fees. *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 173, 661 N.E.2d 1049, 1051; *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 556, 597 N.E.2d 153, 156. No statute authorizes attorney fees here, and neither this court nor the court of appeals determined that Pegan had acted in bad faith in instituting the habeas corpus action or her appeals.

Second, the reference to costs in our previous judgment entry referred only to the docket fee, not attorney fees. *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 76 Ohio St.3d 1218, 667 N.E.2d 1232; S.Ct.Prac.R. XV(1); see, also, *Muze v. Mayfield* (1991), 61 Ohio St.3d 173, 174–175, 573 N.E.2d 1078, 1079 (Unless specified by statute, "costs" do not include attorney fees.).

Based on the foregoing, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.