[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 155.]

PEGAN, APPELLANT, *v.* CRAWMER, APPELLEE.

[Cite as *Pegan v. Crawmer*, 1997-Ohio-176.]

*Civil procedure—Attorney fees not available as costs absent statutory authority or frivolous conduct on the part of the nonprevailing party.*

(No. 96-2852—Submitted May 6, 1997—Decided June 25, 1997.)

APPEAL from the Court of Appeals for Licking County, No. 94-CA-106.

_____

{¶ 1} In October 1994, appellant, Stella M. Pegan, filed a complaint in the Court of Appeals for Licking County for a writ of habeas corpus to restore custody of her daughter, Candi, to her from appellee, Ronald L. Crawmer, Candi's biological father. The court of appeals initially dismissed Pegan's complaint because she failed to certify that a copy of it had been served on Crawmer. On appeal, we reversed and remanded the cause to the court of appeals to determine if the writ should be allowed and a return ordered. *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 653 N.E.2d 659.

{¶ 2} On remand, the court of appeals allowed the writ. After Crawmer filed a trial brief and exhibits, the court of appeals denied the writ. We affirmed the court of appeals' denial of the writ. *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 666 N.E.2d 1091. We also ordered that Crawmer recover from Pegan "his costs herein expended." We later issued a mandate ordering the court of appeals to execute the judgment.

{¶ 3} Crawmer filed a motion in the court of appeals "for a determination of costs to be awarded to [Crawmer], including attorney fees and court costs, pursuant to the mandate of the Ohio Supreme Court ***." Crawmer then submitted an affidavit of his attorney and an itemized statement of "costs," detailing the attorney fees expended in the habeas corpus action. The court of appeals granted Crawmer's motion for costs pursuant to our mandate and ordered Pegan to pay him $1,059.25 in attorney fees as costs.

{¶ 4} The cause is now before this court upon an appeal as of right.

_____

*Central Ohio Legal Aid Society, Inc.* and *Patricia L. Moore*, for appellant.

*Cindy Ripko*, for appellee.

_____

*Per Curiam.*

{¶ 5} Pegan asserts in her sole proposition of law that attorney fees are not available as costs absent statutory authority or frivolous conduct on the part of the

nonprevailing party. For the reasons that follow, we sustain Pegan's proposition and reverse the judgment of the court of appeals.

{¶ 6} First, in the absence of statutory authorization or a finding of conduct that amounts to bad faith, a prevailing party may not recover attorney fees. *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 173, 661 N.E.2d 1049, 1051; *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 556, 597 N.E.2d 153, 156. No statute authorizes attorney fees here, and neither this court nor the court of appeals determined that Pegan had acted in bad faith in instituting the habeas corpus action or her appeals.

{¶ 7} Second, the reference to costs in our previous judgment entry referred only to the docket fee, not attorney fees. *State ex rel. Plain Dealer Publishing Co. v. Cleveland* (1996), 76 Ohio St.3d 1218, 667 N.E.2d 1232; S.Ct.Prac.R. XV(1); see, also, *Muze v. Mayfield* (1991), 61 Ohio St.3d 173, 174-175, 573 N.E.2d 1078, 1079 (Unless specified by statute, "costs" do not include attorney fees.).

{¶ 8} Based on the foregoing, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

_____