JOURNAL ENTRY AND OPINION
Defendant-appellant David Ricco appeals from the trial court's award of pre-judgment interest and costs to plaintiffs-appellees Anthony Bates and Tresha Bates. Mr. Bates was injured in a motor vehicle accident caused by the appellant. The jury awarded Mr. Bates the sum of $20,249 for his injuries and awarded Mrs. Bates the sum of $1,000 for her loss of consortium. Subsequently, the trial court awarded the appellees $6,072 as pre-judgment interest and $1,742.46 as costs. The total judgment awarded to the appellees was $29,063.46.
The appellant sets forth two assignments of error.
The appellant's first assignment of error:[1]
 THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE MOTION TO TAX COSTS OF PLAINTIFFS-APPELLEES' ANTHONY AND TRESHA BATES.
The appellant argues that the trial court erred in awarding to the appellees the filing fee, deposition transcript fees, deposition fees, expert witness fees, videotaping fees, and fees for the enlargement of photographs as costs of litigation under Civ.R. 54(D).
A trial court is authorized to award costs under Civ.R. 54(D). The rule states:
 (D) Costs. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs.
In the recent case of Williamson v. Ameritech Corp. (1998),81 Ohio St.3d 342, the court cited to Centennial Ins. Co. v. LibertyMutual Ins. Co. (1982), 69 Ohio St.2d 50, and found that the categories of litigation expenses comprising "costs" are limited. The subject of costs is one entirely of statutory allowance and control. Vance v. Roedersheimer (1992), 64 Ohio St.3d 552. Costs are not synonymous with expenses unless expressly made so by statute. State ex rel. Williams v. Colasurd (1995), 71 Ohio St.3d 642.
In the case sub judice, the appellees specifically requested and were granted the following as costs:
A. Filing fee for the Cuyahoga County Court of Common Pleas $100.00
B. Court reporting fees for deposition of appellant 50.00
C. Deposition transcript fees for appellant's deposition 115.10
D. Deposition transcript fees for Anthony Bates 81.40
E. Expert witness fee to appellees' expert 150.00
F. Reporting fee for attending appellees' expert deposition 150.00[2]
G. Fee for video playback of appellees' deposition at trial 466.25
H. Reporting fee for deposition of appellant's expert 100.15
I. Fee for enlargement of photographs 312.71
TOTAL $1,525.61
As set forth in section A, the appellee was awarded the filing fee for the complaint. This court has held that the filing fee for the complaint is not totally recoverable as an additional cost. Szarka v. State Auto. Ins. Cos. (Nov. 14, 1996), Cuyahoga App. No. 70621, unreported. Pursuant to R.C. 2303.20, the clerk of the common pleas court may charge certain fees associated with the filing of a lawsuit. Where these fees have already been taxed as costs in the court's final order, any attempt to recover those charges over and above the sums charged by the clerk of courts is impermissible. Id.
In sections B, F, and H[3], the appellees were awarded the court reporting fees for various depositions. The Supreme Court has recently held that there is no general statutory authority empowering a trial court to award deposition expenses to a prevailing party. Williamson, supra. In general, "costs" are defined as the statutory fees to which officers, witnesses, jurors and others are entitled to for their services in an action and which a statute authorizes to be taxed and included in the judgment. Williamson citing Benda v. Fana (1967), 10 Ohio St.2d 259. While a court reporter is an officer, without an express statutory authorization to award the officer's fees, the court may not do so. Williamson at 344, 345 citing to In re Election ofNovember 6, 1990 for the Office of Attorney General of Ohio
(1991), 62 Ohio St.3d 1. The trial court erred in awarding the appellees the cost of the services of the court reporter.
Likewise, in sections C and D the appellees were awarded fees for the transcripts of depositions. There is no statutory authority or rule for the taxing of deposition transcript fees.Wiltsie v. Teamor (1993), 89 Ohio App.3d 380; Baughman v. Krebs
(Dec. 10, 1998), Cuyahoga App. No. 73832, unreported.
As set forth in section E, the appellees were awarded an expert witness fee. Absent statutory directive, an expert witness fee is not a "cost," State ex rel. Williams, supra.
Section G sets forth the costs appellees were awarded for the video playback of an expert at trial. C.P.Sup.R. 13(D)(2) permits the reasonable expense of recording testimony on videotape and the expense of playing the videotape recording at trial shall be allocated as costs under Civ.R. 54.
Finally, the appellees were awarded the fee for enlarging photographs as costs. The appellees have failed to point out any statute or rule which would permit such fees to be recovered as costs.
The appellant's first assignment of error is overruled as to the sum of $466.25 for the playback of the video deposition at trial. The balance of the appellant's first assignment of error is well taken.
The appellant's second assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN GRANTING PLAINTIFFS-APPELLEES' MOTION FOR PREJUDGMENT INTEREST.
The appellant asserts that he acted in good faith in attempts to settle the case, that there is no evidence in the record that he failed to cooperate with discovery, attempted to unnecessarily delay the proceedings, or failed to rationally evaluate the risks. The appellant focuses his arguments on alleged material inconsistencies in Mr. Bates' medical records and on the differing opinions of the medical experts.
On May 6, 1998, the appellees filed their motion for prejudgment interest. Attached to the motion is a letter, dated January 29, 1997, from the appellees' attorney to the insurance company of the appellant. In this letter there is an indication that the medical records, medical expenses and other data were being sent to the insurance company as attachments to the letter. Copies of those records are not attached to the motion itself or present in the record before this court. The letter also sets forth the facts of the accident, the injuries and treatment received by Mr. Bates, and a listing of special damages totaling $7,847.15. The letter concluded with a settlement demand in the amount of $25,000.
The next letter attached to the motion is dated February 4, 1997. In this letter, the appellees' counsel indicates that additional medical services have been rendered and states that the updated results were enclosed. Based upon this newly discovered evidence, the appellees increased their settlement demand to $50,000.
The appellant attached no evidence to the brief in opposition to the motion for prejudgment interest. Portions of the deposition of Dr. Kovach, the appellant's expert, were attached to the appellees' reply brief. Dr. Kovach opined that in the accident Mr. Bates had suffered a strain or sprain of the muscles of the neck and perhaps the upper back, but that he had fully recovered (Kovach Depo. T. 20). Dr. Kovach also stated that Mr. Bates should suffer no problems in the future for his injury (Kovach Depo. T. 21). When asked whether or not Mr. Bates would be required to be off work, the doctor responded that "It's my opinion he wouldn't have to be off work for the extent of time that he was off of work." (Kovach Depo. T. 21.) The conclusion to be drawn is that the appellant's expert agreed that Mr. Bates was injured to some degree and would have missed some work. The other inference is that the parties disagree as to the extent of the injuries and the amount of time off of work which was necessary.
On July 9, 1998, the trial court granted prejudgment interest for the appellees for the sum of $6,072. In its order, the court noted that the parties had waived an oral hearing.[4]
The legislature has set forth the parameters for awarding prejudgment interest based on a tortious act in R.C. 1343.03(C):
 Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
In Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, the court found there to be four components to this statute: 1) the party seeking interest must petition the court; 2) the court must hold a hearing; 3) in order to award prejudgment interest, the court must find that the party required to pay the judgment failed to make a good faith effort to settle; and, 4) the court must find that the party to whom the judgment is to be paid did not fail to make a good faith effort to settle the case. Where a party meets all four requirements, the decision to award the prejudgment interest is not discretionary. Id. at 658. What is discretionary is the determination of good faith, or lack thereof. Specifically, the court held that the standard of review on appeal is one of abuse of discretion. Moskovitz at 658. The court then restated the syllabus of Kalain v. Smith (1986),25 Ohio St.3d 157, which set forth the good-faith test:
 A party has not "failed to make a good faith effort to settle" under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer.
Additionally, in Moskovitz, the Supreme Court, at syllabus two, reiterated its position set forth in Kalain, supra, that failing to make a good faith effort does not necessarily require a finding of bad faith. The burden of proof on the party seeking the prejudgment interest is a heavy one. Moskovitz at 658. It is incumbent on the party seeking the award to present evidence of a written, or some equally persuasive, offer to settle that was reasonable considering such factors as the type of case, the injuries involved, applicable law, defenses available, and the nature, scope and frequency of efforts to settle. Other factors would include responses, or lack thereof, and a demand substantiated by facts and figures. Subjective claims of lack of good faith will generally not be sufficient. Id.
In the case sub judice, the party seeking the prejudgment interest, the appellees, were required to and did provide the trial court with evidence of their own good faith offers to settle. There is no suggestion that the appellant either failed to cooperate with discovery or otherwise attempted to delay the proceedings.
Apparently, what is contested is appellant's lack of an appropriate settlement counter-offer. The difficulty is that the only evidence as to what the appellant's counter-offer might have been is contained in the appellant's brief below. While this court might wish to give credence to the appellant's statements in his brief, the law does not permit this court to do so. An appellate court may not assume as true or even consider facts alleged in a party's brief or attachments thereto. See, generally, Phung v. Waste Management, Inc. (1986), 23 Ohio St.3d 100,102, overruled on other grounds, Kulch v. Structural Fibers,Inc. (1997), 78 Ohio St.3d 134. The appellee failed to meet its burden as set forth in Moxkovitz, supra, to submit evidence of the appellant's counteroffer. The appellant's unsubstantiated statements do not comport with the requirement imposed by the Ohio Supreme Court upon the appellees to submit evidence to the trial court.
In the absence of this evidence the appellees failed to meet their heavy burden to substantiate their claims that the appellant failed to make a good faith offer to settle this case. The trial court had before it nothing more than subjective claims of a lack of good faith. Under the case law handed down by the Supreme Court of Ohio, the trial court's award of prejudgment interest was an abuse of discretion.
The appellant's second assignment of error is well taken and the award of prejudgment interest is vacated.
Judgment affirmed in part and reversed in part. The award of $466.25 as costs is affirmed. The awards for the remainder of the costs and for the prejudgment interest are vacated.
This cause is affirmed in part and reversed in part.
The court finds there were reasonable grounds for this appeal. It is, therefore, considered that said appellant(s) and appellee (s) each pay one-half of the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KENNETH A. ROCCO, P.J., and
ANNE L. KILBANE, J., CONCUR.
JAMES D. SWEENEY, JUDGE
[1] During the oral argument, the parties indicated that the issues raised in the first assignment of error have been settled. Absent a motion filed with this court that the appellant wishes to dismiss that portion of the appeal, this court must address the assignment of error on the merits. App.R. 28.
[2] The total bill submitted to the trial court to support item was $366.85. In reaching its total of $1,742.46, the appellees must have added in $366.85 instead of the $150.00 requested in the body of the motion. This court has adjusted the total to reflect the $150.00 amount.
[3] The appellees were awarded as costs the fees spent for deposition transcripts and for the court reporting fees for the depositions. The trial transcript was not filed as a part of the record of this appeal, thus this court must presume the validity of the lower court's proceedings. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197. In order to use a deposition in a court proceeding, the deposition must be filed with the clerk. Civ.R. 32. In the case sub judice, depositions were not filed with the court prior to trial. Thus, this court presumes that the trial court prohibited the parties from using the depositions during the trial.
[4] A deposition was filed with the clerk after the trial court entered its ruling on the motion for prejudgment interest. This court will not decide an appeal based on new matter not before the trial court. See generally, State v. Ishmail (1978), 54 Ohio St.2d 402.