DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Edson R. Arneault appeals the judgment of the Washington County Court of Common Pleas, Probate Division, which denied his petition for costs and attorney's fees against Plaintiff-Appellee Susan L. Arneault, administrator of the estate of her deceased husband, David Thomas Arneault. Appellant asserts that he is entitled to reimbursement of the expenses he incurred defending appellee's unsuccessful claim pursuant to R.C. 2109.50 that he had concealed, conveyed away, or wrongfully possessed assets belonging to her late husband's estate.
 {¶ 2} For the reasons that follow, we disagree and affirm the judgment of the trial court.
 Lower-Court Proceedings {¶ 3} Plaintiff-Appellee Susan L. Arneault, administrator of the estate of David Thomas Arneault, her late husband, initiated an action pursuant to R.C. 2109.50 alleging that her husband's brother, Defendant-Appellant Edson R. Arneault, "concealed, conveyed away, or [had] caused to be concealed or conveyed away, * * * or [had] been wrongfully in possession of monies and/or assets belonging to" David Arneault.
 {¶ 4} Evidently, appellant and the deceased were partners in several gas and oil business ventures, including TD Discoveries, LLC, and Century Well Services, Inc., of which each owned a fifty-percent interest. When the decedent unexpectedly died, his estate began the process of determining the value of the deceased's interests in the business ventures. After some time, the estate determined that it was not receiving from the businesses, and specifically appellant, the cooperation and information it needed to establish the value of decedent's interests. Accordingly, the estate initiated its action pursuant to R.C. 2109.50.
 {¶ 5} Following many procedural motions and a hearing in this case, the trial court decided that the deceased did own a fifty-percent interest in the business ventures. However, the trial court also found that the valuation of those interests would be based on the interpretation of the Operating Agreement signed by appellant and the deceased prior to his death and the interpretation of Ohio laws governing corporations. Accordingly, the trial court found appellant not guilty of concealment or embezzlement of estate assets. Further, the trial court found that the general division of the court of common pleas was better suited to address the valuation of the estate's interests in the business ventures. Thus, the trial court dismissed appellee's complaint and ordered that costs be taxed to her.
 {¶ 6} Subsequently, appellant filed a petition requesting that the trial court award him the costs he had incurred in defending appellee's action. Specifically, appellant sought reimbursement for travel expenses, expert witness fees, attorney's fees, and miscellaneous expenses totaling $15,939.86.
 {¶ 7} The trial court denied appellant's petition.
 The Appeal {¶ 8} Appellant timely filed his notice of appeal and presents the following assignment of error for our review: "The trial court erred in denying defendants-appellants' motion for costs against the plaintiff after dismissal of the claim against the defendant/appellant."
 I. R.C. 2109.50: Background {¶ 9} "A proceeding for a discovery of concealed or embezzled assets of an estate brought under R.C. 2109.50 is a special statutory proceeding of a summary and inquisitorial character that is quasi-criminal in nature. Its purpose is to facilitate the administration of estates by providing an expeditious means for bringing into such estates those assets that rightfully belong to the estate." Rinehart v. Bank One, Columbus,NA (1998), 125 Ohio App.3d 719, 732, 70 N.E.2d 559, dismissed, appeal not allowed, 82 Ohio St.3d 1480, 696 N.E.2d 1087 (citing In re Estate ofFife (1956), 164 Ohio St. 449, 132 N.E.2d 185). The purpose of R.C. 2109.50
is "not to furnish a substitute for a civil action to recover a judgment for money owing to an administrator, but rather to provide a speedy and effective method for discovering assets belonging to the estate and to secure possession of them for purposes of administration." Id., citingGoodrich v. Anderson (1940), 136 Ohio St. 509, 26 N.E.2d 1016 (construing predecessor statute). It has been held that this statute may not be used "in order to collect a debt, obtain an accounting, or adjudicate the rights of the estate or guardian under a contract." Id.
 {¶ 10} Furthermore, the Ohio Rules of Civil Procedure are applicable to proceedings under R.C. 2109.50, despite the quasi-criminal nature of the proceedings. See Rinehart, supra.
 II. R.C. 2109.50: Costs {¶ 11} R.C. 2109.50 contains a provision that allows a probate court to require a complainant under this section to post security "to cover the costs of the proceeding under this section, including in such costs a reasonable allowance for the travelling expenses of the person or persons against whom an extra-county citation, attachment or warrant is to be issued." In addition, this section provides that, "All costs of such proceedings, including the reasonable travelling expenses of a person against whom an extra-county citation, attachment or warrant is issued, shall be assessed against and paid by the party making the complaint, except as provided by section 2109.52 of the Revised Code." R.C. 2109.50. R.C. 2109.52 provides a remedy should a defendant be found guilty of concealing or embezzling estate assets, and requires that a guilty defendant pay a penalty and the plaintiff's costs in bringing the action.
 {¶ 12} In the case sub judice, the costs for which appellant seeks reimbursement can be broken down into two categories: 1) attorney's fees, and 2) travel/miscellaneous expenses. We will address each category independently.
 A. Attorney's Fees {¶ 13} It is axiomatic that "attorney's fees are not recoverable except when there is a specific statutory provision allowing such or where `the losing party has acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons.'" Carnegie Financial Corp. v. AkronNational Bank (1976), 49 Ohio App.2d 321, 329, 361 N.E.2d 504, quotingSorin v. Bd. of Education (1976), 46 Ohio St.2d 177, 181, 347 N.E.2d 527; but, cf., In re Estate of Toth (Nov. 23, 1993), 5th Dist. No. CA-9312 (holding that while R.C. 2109.50 does not specifically authorize the award of attorney's fees, the trial court's finding that the defendant was guilty of concealing estate assets was "tantamount to a finding that [defendant] acted in bad faith and/or for oppressive reasons in concealing the assets" and authorized the trial court to order the defendant to pay the fees). Accordingly, absent a statute authorizing the award of attorney's fees or a finding of bad faith on the part of the losing party, a trial court is without power to award attorney's fees. See id.; see, also, Couto v. Gibson, Inc. (1990), 67 Ohio App.3d 407,587 N.E.2d 336.
 {¶ 14} At the outset, we note that there is no statute specifically authorizing the probate court to award appellant attorney's fees. Furthermore, the probate court did not find that appellee acted in bad faith by initiating her action pursuant to R.C. 2109.50. Nevertheless, appellant argues that the statute's use of the term "costs" should be interpreted to include attorney's fees.
 {¶ 15} "Costs are generally defined as the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment." (Emphasis added.) Benda v. Fana (1967), 10 Ohio St.2d 259,263, 227 N.E.2d 197, paragraph one of the syllabus; State ex rel.Commrs. of Franklin Cty., v. Guilbert (1907), 77 Ohio St. 333, 338,83 N.E. 80. In other words, a particular litigation expense will not qualify as part of "costs" unless it is "fixed and taxable according to statute." Id. at 263. "`[C]osts' are not synonymous with [litigation] expenses unless expressly made so by statute." Id.
 {¶ 16} The Supreme Court of Ohio has previously ruled that attorney's fees are not included as "costs" unless specified by statute. In State ex rel. Franklin Cty. Commrs. v. Guilbert, 77 Ohio St. 333,83 N.E. 80, the court reviewed the definition of "costs": "Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which * * * [specified individuals] are entitled for their services in an action * * *. The word does not have a fixed legal signification. As originally used[,] it meant an allowance to a party for expenses incurred in prosecuting or defending a suit. Costs did not necessarily cover all of the expenses and they were distinguishable from fees and disbursements. They are allowed only by authority of statute * * *." Id. at 338-339. In State ex rel. Michaels v. Morse
(1956), 165 Ohio St. 599, 607, 138 N.E.2d 660, the court stated: "The general rule in Ohio is that, in the absence of statutory provision making attorney fees a part of the costs, such fees can not be so taxed. The subject of costs is one entirely of statutory allowance and control." (Citations omitted.) See, also, Muze v. Mayfield (1991), 61 Ohio St.3d 173,573 N.E.2d 1078 (holding that absent express statutory provision, attorney's fees are not recoverable as part of "costs").
 {¶ 17} In the instant case, no specific statutory provision authorizing the payment of attorney's fees exists. Accordingly, the trial court did not err by denying appellant's petition seeking that appellee pay the attorney's fees incurred by appellant in defending appellee's action.
 B. Travel/Miscellaneous Expenses {¶ 18} As we noted previously, R.C. 2109.50 provides in part that, "[a]ll costs of such proceedings, including the reasonable travelling expenses of a person against whom an extra-county citation, attachment or warrant is issued, shall be assessed against and paid by the party making the complaint * * *." Thus, should the probate court find a defendant not guilty of violating R.C. 2109.50, the probate court is required to award defendant costs (i.e., plaintiff must pay costs).
 {¶ 19} While the statute mandates that the probate court assess costs against appellee, we note that not every expense incurred by appellant is taxable to appellee as a cost. Again, "Costs are generally defined as the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment." (Emphasis added.) Benda v. Fana, 10 Ohio St.2d 259, 227 N.E.2d 197 at paragraph one of the syllabus. "`[C]osts' are not synonymous with [litigation] expenses unless expressly made so by statute." Id.; see, also, Williamson v.Ameritech Corp. (1998), 81 Ohio St.3d 342, 691 N.E.2d 288. However, the use of the term "costs" is synonymous with "all costs," and the addition of "all" does not expand the meaning of "costs" to include all litigation expenses. See In re Election of November 6, 1990 for the Office ofAttorney General of Ohio (1991), 62 Ohio St.3d 1, 4, 577 N.E.2d 343
(citing Benda at 263).
 {¶ 20} At the outset, we note that the trial court's judgment finding appellant not guilty of concealing or embezzling estate assets did assess costs to appellee. However, appellant seeks reimbursement for several other expenses incurred due to the use of a hotel, couriers, facsimile machines, photocopiers, conference telephone calls, and an expert witness.
 {¶ 21} R.C. 2109.50 specifically authorizes the inclusion of travelling expenses as costs, but it requires that an extra-county citation be issued against a defendant before the defendant is entitled to have his or her travelling expenses assessed against the complaining party. In the instant case, an extra-county citation was never issued to, and served upon, appellant. Appellant was served with the citation, complaint, and discovery motions at his business address inside Washington County. Accordingly, appellant is not entitled to have his travelling expenses (i.e., hotel expense) assessed to appellee as costs. See R.C. 2109.50.
 {¶ 22} The Ohio Rules of Civil Procedure apply to actions under R.C. 2109.50, and they provide in part: "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." Civ.R. 54(D). "The costs, however, may not include more than the statutory fees allowed for jurors, witnesses, officers, and others."Koukios v. Marketing Dynamics, Inc. (Sept. 7, 1994), 1st Dist. Nos. C-920913, C-920918, C-930289, C-930555 (citing Vance v. Roedersheimer
(1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153; In re Election of Nov.6, 1990, 62 Ohio St.3d 1, 4, 577 N.E.2d 343; Muze v. Mayfield,61 Ohio St.3d 173, 573 N.E.2d 1078).
 {¶ 23} Appellant has not cited any pertinent statute that allows us to tax as costs the various litigation expenses he has incurred. The expenses for which appellant seeks reimbursement are not "statutory fees" for jurors, witnesses, or officers. Furthermore, regarding the inclusion of the expert witness' fees as costs, the Supreme Court of Ohio has stated that "without statutory provision, a trial court should not tax an expert's witness fee as costs." Moore v. Gen. Motors Corp., Terex Div.
(1985), 18 Ohio St.3d 259, 260, 480 N.E.2d 1101; see, also, In reElection of November 6, 1990, 62 Ohio St.3d 1, 4-5, 577 N.E.2d 343 (in the absence of specific statutory authorization, expert witness fees are not taxable as costs).
 {¶ 24} Accordingly, the probate court did not err in denying appellant's petition to include travelling expenses, expert witness fees, and miscellaneous expenses as costs to be taxed to appellee.
 Conclusion {¶ 25} Since appellant was not entitled to have his litigation expenses taxed to appellee as costs, we overrule appellant's sole assignment of error. Therefore, we affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the WASHINGTON COUNTY COURT OF COMMON PLEAS, PROBATE DIVISION,
to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J., and Kline, J.: Concur in Judgment Only.