[Cite as *Fox v. Pataskala*, 2018-Ohio-1592.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| MICHAEL P. FOX | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee- | : | Hon. William B. Hoffman, J. |
| Cross-Appellant | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| -vs- | : | |
| | : | |
| CITY OF PATASKALA | : | Case No. 17-CA-75 |
| | : | |
| Defendant-Appellant | : | |
| Cross-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Municipal Court,
                                  Case No. 16CVF1748



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 April 20, 2018




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

SAMANTHA J. BRUSH                         JOHN C. ALBERT
20 Executive Suite F                      500 South Front Street
Chillicothe, OH  45601                    Suite 1200
                                          Columbus, OH  43215
JAMES D. PERKO, JR.
1310 Harrison Pond Drive
New Albany, OH  43054

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant-Cross-Appellee, The City of Pataskala, appeals the January 25, and August 14, 2017 judgment entries of the Municipal Court of Licking County, Ohio, granting summary judgment and entering a money judgment for attorney fees, respectively, to Plaintiff-Appellee-Cross-Appellant, Michael P. Fox.   Plaintiff-Appellee-Cross-Appellant appeals the August 14, 2017 judgment entry of the trial court denying his motion for attorney fees he incurred in filing the subject case.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On November 25, 2013, appellee was served with a letter from appellant's mayor, Stephen Butcher, pursuant to Section 11.01(C) of the city charter, accusing him of committing malfeasance while in office as a member of City Council.  The letter listed certain causes for removal, and notified him of a special council meeting scheduled for January 14, 2014, to discuss his removal.  Appellee was invited to attend and be heard and present any defenses to the charges.

{¶ 3}   During the January 14th hearing, appellee, along with his counsel, were present.  Also present was the new mayor, Michael Compton.  Pursuant to the city charter, Mayor Compton was to preside over "meetings."  However, Mayor Compton had tried to withdraw the charges against appellee and cancel the hearing back on January 6, 2014. City Council agreed the best course of action was to designate a hearing officer to preside over the proceedings and continue the matter to the next day.

{¶ 4}   During the January 15th hearing, appellee, his counsel, and a hearing officer were present.  City Council was informed that the parties had settled the matter and signed an Agreed Order.  The parties agreed appellee would apologize for his actions

related to the charges, and City Council would issue a public reprimand which was appropriate and sufficient to resolve the matter. City Council also agreed appellee would not be removed from council and the removal proceedings against him were complete.

{¶ 5} Thereafter, appellee's attorney submitted a bill for attorney fees in defending the matter to appellant pursuant to Section 11.01(G) of the city charter. A detailed bill was requested by appellant and received. The bill went unpaid and accrued interest for non-payment. Eventually, appellee received a collection notice from his attorney.

{¶ 6} On August 23, 2016, appellee filed a complaint against appellant, seeking an award for the attorney fees he incurred in defending himself against the malfeasance charges. Each party filed motions for summary judgment. Appellant argued removal proceedings never commenced so therefore it was not obligated to pay appellee's attorney fees under the city charter. Appellee argued because he was accused and not removed, appellant was obligated to pay his attorney fees under the city charter. By judgment entry filed January 10, 2017, the trial court denied appellant's motion. By judgment entry filed January 25, 2017, the trial court granted appellee's motion.

{¶ 7} On April 4, 2017, the parties stipulated as to the amount of damages ($10,000) in lieu of an evidentiary hearing. Appellant reserved its right to appeal. On same date, appellee filed a motion for the attorney fees he incurred in filing the subject case. A hearing on the motion was held on June 16, 2017.

{¶ 8} By decision and judgment entry filed August 14, 2017, the trial court awarded appellee as against appellant $10,000 plus interest and costs, and denied appellee's April 2017 motion for attorney fees.

{¶ 9}  On September 11, 2017, appellant filed an appeal and has assigned the following errors:

I

{¶ 10} "THE TRIAL COURT ERRED IN AWARDING SUMMARY JUDGMENT TO PLAINTIFF AS A MATTER OF LAW BECAUSE THE PROVISIONS OF ARTICLE XI, SECTION 11.01 OF THE CITY CHARTER DO NOT APPLY TO SETTLEMENTS."

II

{¶ 11} "THE TRIAL COURT ERRED IN AWARDING SUMMARY JUDGMENT TO PLAINTIFF AS A MATTER OF LAW BECAUSE THE AGREED CITY COUNCIL ORDER SETTLED ALL ISSUES, INCLUDING PLAINTIFF'S CLAIM FOR ATTORNEY FEES AND COSTS."

{¶ 12} On September 25, 2017, appellee filed a cross-appeal and has assigned the following errors:

CROSS-ASSIGNMENT OF ERROR I

{¶ 13} "THE TRIAL COURT ERRED BY FAILING TO AWARD FOX COSTS ASSOCIATED WITH LITIGATION MEANT TO ENFORCE THE PROVISIONS OF THE CITY OF PATASKALA'S CHARTER."

CROSS-ASSIGNMENT OF ERROR II

{¶ 14} "THE TRIAL COURT ERRED BY FINDING THAT THE CITY OF PATASKALA'S ACTIONS DID NOT CONSTITUTE BAD FAITH."

{¶ 15} This matter is now before this court for consideration.

I, II

{¶ 16} In its two assignments of error, appellant claims the trial court erred in granting summary judgment to appellee because 1) the provisions of Article XI, Section 11.01 of the City Charter do not apply to settlements, and 2) the City Council order settled all the issues, including appellee's claim for attorney fees and costs.  We disagree.

{¶ 17} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 18} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and

evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 19} In its January 25, 2017 judgment entry granting appellee's motion for summary judgment, the trial court stated: "After a review of the motion and the supporting evidence, the court finds that there exist no issues of material fact and that Plaintiff is entitled to judgment as a matter of law."

{¶ 20} In his motion for summary judgment filed January 3, 2017, appellee argued Section 11.01(G) of the city charter obligated appellant to pay his attorney fees because he was accused of malfeasance, but was not removed from office. Said section under Article XI states the following:

> The Director of Law or special counsel appointed by the Director of Law shall prosecute the removal proceedings before the Council and any review thereof by the Courts. If a person *accused* is not finally removed, the City shall pay reasonable costs of the defense of such person and any compensation withheld pending the appeal of the action of the Council. (Emphasis added.)

{¶ 21} Section 11.01(C) outlines the procedures to be used in starting removal proceedings. The section provides specific notice requirements to the "accused."

{¶ 22} The November 25, 2013 letter appellee received from then Mayor Butcher accused him of committing malfeasance while in office as a member of City Council, and listed certain causes for removal. The letter notified him of a special council meeting

scheduled for January 14, 2014, to discuss his removal.  Appellee was invited to attend and be heard and present any defenses to the charges.  Appellee attended the meeting with his counsel, as well as the meeting on January 15th.  The parties settled the matter and appellee was not removed from office.  Appellee argued because he was formally accused pursuant to Section 11.01(C) and not finally removed from office, Section 11.01(G) applied.

{¶ 23} In its opposition memorandum filed January 19, 207, appellant argued removal proceedings never commenced so therefore it was not obligated to pay appellee's attorney fees under Section 11.01(G).  There were no opening statements, witnesses, exhibits, or closing statements.  The matter was settled between the parties.  Appellant pointed out that the city charter does not provide for the payment of attorney fees in the event of a settlement.

{¶ 24} We agree with appellee's position.  Section 11.01(G) indicates the triggering event is the accusation.  If the accused is not finally removed, as in this case, appellant "shall pay reasonable costs of the defense of such person."  The Agreed Order under Section 4 even indicated "the removal proceedings against Council Member Fox are complete pursuant to these findings."  In order to "complete" proceedings, they must have commenced to begin with.  Appellant had engaged special counsel to "prosecute" the case, and said counsel was present during the January 14, and 15, 2014 meetings and in fact signed the Agreed Order.

{¶ 25} Appellant further argued the settlement agreement concluded the matter between the parties and did not provide for the payment of appellee's attorney fees.  Appellant argued a demand for attorney fees should have been made at the time of

settlement negotiations, and it would have never agreed to pay appellee's attorney fees as part of the settlement. What appellant would have agreed to at the time is unknown. What is known is that the language of Section 11.01(G) of the city charter obligates appellant to pay attorney fees if an accused is not finally removed from office. After appellant deemed the removal proceedings complete and appellee was not removed, appellee's bill for attorney fees was submitted to appellant under Section 11.01(G). There would be no need for appellee to make a demand for attorney fees during the settlement negotiations given the language of Section 11.01(G). The mayor and council members are presumed to know the provisions of the city charter, and in fact indicted during the January 14, 2014 meeting that they read and reread the city charter many times.

{¶ 26} Upon review, we find the trial court did not err in granting summary judgment to appellee.

{¶ 27} The parties stipulated to the reasonable and necessary attorney fees in the amount of $10,000 in lieu of holding an evidentiary hearing and incurring additional fees and costs. *See* Stipulation filed April 4, 2017. We find the trial court correctly awarded said amount to appellee via decision and judgment entry filed August 14, 2017.

{¶ 28} Assignments of Error I and II are denied.

CROSS-ASSIGNMENTS OF ERROR I AND II

{¶ 29} In his two cross-assignments of error, cross-appellant argues the trial court erred in denying his motion for attorney fees for the subject case and erred in not finding bad faith. We disagree.

{¶ 30} In its August 14, 2017 decision and judgment entry denying cross-appellant's motion for attorney fees for the subject case, the trial court stated the following:

After oral hearing held on the record, the court finds that Plaintiff failed to establish a basis upon which attorney fees in this action are permitted under the American Rule. Since no statute or contract exists which specifically authorizes a recovery of attorney fees, Plaintiff would be required to establish "bad faith" by Defendant in this litigation. Plaintiff has failed to establish that Defendant did anything which would constitute "bad faith" and is therefore not entitled to recovery of attorney fees.

{¶ 31} Cross-appellant argues he should be given an award for attorney fees as costs because 1) an attorney fees award is necessary to enforce the plain language of the city charter and to comport to its spirit and intent, and 2) cross-appellee acted in bad faith in failing to abide by Section 11.01(G) of the city charter.

{¶ 32} As noted by cross-appellant in his motion for attorney fees filed April 4, 2017 at page 5, "Ohio has long adhered to the 'American Rule' with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." Parties are responsible for their own attorney fees in a civil case. Exceptions to this rule include the existence of a statute or enforceable contract specifically providing for the recovery of attorney fees or if the prevailing party can establish bad faith on the part of the losing party. *Nottingham Homeowners' Association, Inc. v. Darby,* 33 Ohio St.3d 32, 514 N.E.2d 702 (1987); *Pegan v. Crawmer,* 79 Ohio St.3d 155, 1997-Ohio-176, 679 N.E.2d 1129. The "spirit and intent" of the city charter is not a factor.

{¶ 33} We note in cross-appellant's complaint filed August 23, 2016, he did not allege bad faith on the part of cross-appellee and did not request an award of attorney fees for the subject case. Cross-appellant did request "costs," but "[g]enerally, 'costs' do not include attorney fees unless such fees are by statute denominated costs or are by statute allowed to be recovered as costs in the case." *Black's Law Dictionary* 346 (6th Ed.1990). This case does not involve the recovery of attorney fees pursuant to any statutes.

{¶ 34} There is no statute or contract between the parties providing for the recovery of attorney fees in a subsequent collection action such as this case; therefore, the remaining exception is bad faith. Clearly the parties had opposing interpretations of Section 11.01(G) in light of the settlement. Mayor Compton, in an affidavit attached to cross-appellee's April 17, 2017 memorandum contra, averred he and City Council consulted with the Law Director and outside counsel to obtain legal advice on the issue of paying cross-appellant's attorney fees on the removal matter. Mayor Compton averred the following at paragraph 7:

> Based upon the advice received from legal counsel, that there was no legitimate legal basis for the City of Pataskala to pay Mr. Fox's legal fees, since the parties had reached a settlement, no removal hearing proceeded, and the matter was settled without any demand or mention of attorney fees, the request to pay his legal fees was denied. Myself and City Council relied in good faith upon the advice received from legal counsel in reaching the decision to not pay Mr. Fox's attorney fees.

{¶ 35} Cross-appellee's reliance on the advice of counsel does not constitute bad faith.

{¶ 36} In his cross-appellate brief at 14-15, cross-appellant argues even after the trial court ruled in his favor, cross-appellee "refused to settle the matter" and instead pursued an appeal. Cross-appellant argues cross-appellee "continues its vendetta against Fox and continues to act in bad faith." In the stipulation which cross-appellant agreed to, cross-appellee specifically reserved its right to appeal any motions for attorney fees filed by cross-appellant, as well as any finding of liability on any issue. Pursuing its right to appeal does not constitute bad faith on the part of cross-appellee.

{¶ 37} We agree with the trial court that cross-appellant has failed to establish bad faith.

{¶ 38} Upon review, we find the trial court did not err in denying cross-appellant's motion for attorney fees for the subject case.

{¶ 39} Cross-Assignments of Error I and II are denied.

{¶ 40} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Hoffman, J. concur.

EEW/db 320