[Cite as *Choi v. Ohio Univ.*, 2015-Ohio-4898.]

## IN THE COURT OF CLAIMS OF OHIO

JUNGHUN CHOI

      Plaintiff

      v.

OHIO UNIVERSITY

      Defendant

Case No. 2015-00256-AD

Clerk Mark H. Reed

MEMORANDUM DECISION

{¶1} This case is before the Court as a result of a claim filed by Junghun Choi (hereinafter "plaintiff"), on March 26, 2015, against Ohio University (hereinafter "OU").

{¶2} The parties essentially agree on the following facts: At the time of the filing of the complaint, the plaintiff was employed by OU as an assistant professor. Sometime near this time, departmental officials at OU made a determination to deny the plaintiff promotion and tenure. Plaintiff then decided to appeal this decision to OU's Faculty Senate Standing Committee on Promotion and Tenure. Prior to attending this hearing, either at the suggestion of employees of OU or on his own initiative, plaintiff retained an attorney to represent him at this hearing. Unbeknownst to the plaintiff at that time, the rules governing these type of hearings forbade allowing an attorney to act in the traditional capacity as advocate. Plaintiff's attorney did attend the hearing but was not allowed to speak and could only act as an "advisor" to the plaintiff. The outcome of that hearing was not disclosed by the parties in their documents filed with the Court.

{¶3} Plaintiff now requests OU be ordered to reimburse the fees which he paid his attorney which total $1,755.00. As grounds for his request, plaintiff insists that he sought advice from counsel only at the suggestion of the agents of OU, that he relied on their advice, and it was thus reasonable for him to assume that therefore counsel would

be allowed to advocate for his interests at his hearing before the Faculty Senate.

{¶4} Both parties seem to further agree that the claim in this case is governed by the doctrine of detrimental reliance. Detrimental reliance is a term commonly used to force another to perform their obligations under a contract, using the theory of promissory estoppel. Promissory estoppel may apply when the following elements are proven:

{¶5} A promise was made

{¶6} Relying on the promise was reasonable or foreseeable

{¶7} There was actual and reasonable reliance on the promise

{¶8} The reliance was detrimental

{¶9} Injustice can only be prevented by enforcing the promise

{¶10} Detrimental reliance must be shown to involve reliance that is reasonable, which is a determination made on an individual case-by-case basis, taking all factors into consideration. Detrimental means that some type of harm is suffered.

{¶11} While OU is correct in its assertion that Ohio law generally forbids the use of equitable relief, including detrimental reliance, against state agencies when they are performing a governmental function, due to the nature of the claim itself it is not necessary for the Court to determine the applicability of the doctrine detrimental reliance in this action.

{¶12} Plaintiff in this case seeks reimbursement of attorney fees, not enforcement of a contract. As a general rule, only a prevailing party in a civil action may recover attorney fees in Ohio. *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396. This is known as the "American rule." That is, each party must pay its own fees, regardless of who actually prevails. Nearly every state in the United States follows this philosophy when it comes to awarding costs and fees.

{¶13} There are, however, limited exceptions to the American rule in Ohio:

a. Attorney fees may be awarded when an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees.

*Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 34, 514 N.E.2d 702 (1987).

b. Fees may be awarded when a statute specifically provides for the losing party to pay the prevailing party's attorney fees. *Id.*

c. Fees are available when the prevailing party demonstrates bad faith on the part of the unsuccessful litigant or evidence to justify punitive damages. *Pegan v. Crawer*, 79 Ohio St.3d 155, 156, 1997-Ohio-176, 679 N.E.2d 1129.

**{¶14}** None of these situations apply to the claim filed by the plaintiff. Since there is no legal basis for his recovery of attorney fees, the Court need not review his claim in light of an assertion of detrimental reliance. Thus, it is the finding of this Court that the complaint filed by plaintiff on March 26, 2015 fails to state a complaint upon which relief can or should be granted and is hereby DISMISSED.

## IN THE COURT OF CLAIMS OF OHIO

JUNGHUN CHOI

     Plaintiff

     v.

OHIO UNIVERSITY

     Defendant

Case No. 2015-00256-AD

Clerk Mark H. Reed

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file, and for the reasons set forth

in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MARK H. REED
Clerk

Entry cc:

Junghun Choi                          Barbara U. Nalazek, Esq.
4 Kent Drive                          Deputy General Counsel
Athens, Ohio  45701                   Ohio University
                                      160 W. Union Street, Office Center 150
                                      1 Ohio University
                                      Athens, Ohio  45701-2979

Filed 7/7/15
Sent to S.C. Reporter 11/24/15